## KERBY *v.* WADE.

Opinion delivered January 1, 1912.

1. BILLS AND NOTES—MATURITY.—A note payable "after date" is payable on demand and is overdue if it remains unpaid for an unreasonable time after its date or the date of delivery. (Page 546.)

2. SAME—INNOCENT PURCHASER.—Where a demand note, secured by mortgage, was executed on November 11, 1908, an indorsee who acquired it on January 9, 1909, acquired it when it was past due, and took subject to any defects which might have been set up ·by the maker against the payee. (Page 547.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

The appellees brought this suit against Henry Green, W. A. Parker and J. P. Kerby to set aside a mortgage for alleged fraud, misrepresentation and deceit practiced upon appellee Wade in its execution. It is alleged substantially that Wade applied to one Henry Green and one W. A. Parker, two practicing attorneys, to borrow the sum of $100, that Green and Parker informed Wade that, in order to enable them to obtain the money desired by plaintiff, he would have to execute a realty mortgage to them in the sum of $100; that the plaintiff executed the mortgage on his home place, which is described, and delivered same to Green and Parker, and expected to immediately obtain the sum of money for which he had given security, but that Green and Parker did not furnish same to him, saying that they would get the money for plaintiff, but failed to do so; that plaintiff insisted on getting the money or having his papers returned; that Green and Parker failed to furnish the money or to return his mortgage; that he made frequent demand upon them to surrender the mortgage or satisfy same; that defendants, instead of doing this, assigned the mortgage to appellant Kerby for an alleged consideration of $100; that the assignment was wholly fictitious and fraudulent; that the placing of the mortgage on record by Green and Parker was a fraud upon appellee Wade; that Kerby, the alleged assignee, took the assignment from Green and Parker with full knowledge of the fact that Green and Parker had failed to loan appellee Wade any money, and with full knowledge that the mortgage was without any consideration; that the alleged assignment of Green and Parker to Kerby was without consideration and void; that the same was a fraudulent scheme between Green and Parker to defraud appellee Wade.

Appellee further alleged that he had sold the land to W. D. Lawler and had executed to him a warranty deed, and was

responsible to him on said warranty.   That appellee Wade was damaged by reason of the fraudulent acts of Green, Parker and Kerby in the sum of $200.   He prayed judgment for damages in this sum, and that the mortgage be cancelled, etc.   Appellee made the mortgage an exhibit to his complaint.

Green answered, setting up substantially that the mortgage was executed in consideration of services to be performed by him in procuring a loan for appellee Wade; that he never "used the mortgage and note or attempted to do so except to borrow the money and serve the plaintiff, and that he would have secured the money on the note and mortgage, had plaintiff not interfered and refused to go on with the matter." He denied all the other material allegations of the complaint.

The appellant, J. P. Kerby, answered, denying that the assignment of the mortgage was fictitious and fraudulent; denying that he took said assignment with full knowledge that no money of any character whatever had been loaned to George Wade by Green and Parker; and denying the other allegations of the complaint as to the assignment.   But he does not set up affirmatively that he was an innocent purchaser for value.

The court, after hearing the evidence, rendered a decree in favor of the appellee, cancelling the mortgage and directing the appellant Kerby to turn over to appellee the mortgage and note.   The appellant Kerby prosecutes this appeal.

*W. T. Tucker*, for appellant.

1.   If there was any fraud in the execution of the instrument, appellant, being an innocent holder thereof, was not affected thereby, and appellee can not set up fraud as against appellant.   94 Ark. 100, 103; 48 Ark. 454; 49 Ark. 207; 55 Ark. 47; 49 Ark. 465; 35 Ark. 103; 31 Ark. 89.

2.   It is not sufficient to allege fraud generally, or merely to characterize acts as fraudulent, but the facts and circumstances constituting the fraud must be set forth.   34 Ark. 63; *Id.* 169; 35 Ark. 555; 24 Ark. 459.   In this case, the complaint having in general terms only charged appellant with fraud in his purchase, his answer, denying in general terms, and in the order in which the fraud was alleged, the charges in the complaint, was sufficient, and, being verified, and no proof offered contradicting it, must stand as proved.   24 Ark. 459.   The burden of proof, moreover, was on appellee to establish fraud.

37 Ark. 145; 45 Ark. 492; 25 Ark. 225. The fraud will not be presumed. 38 Ark. 419; 55 Ark. 152; 20 Ark. 217; 18 Ark. 124.

*L. C. Maloney,* for appellees.

In this case, fraud having been charged, and appellant claiming the benefit of the transaction, the burden was on him to show that appellee acted knowingly, voluntarily and with full knowledge of the nature of his acts, and that no undue advantage was taken of his condition, situation or necessities. The transaction will not be sustained unless the *bona fides* of the transactions is shown by the proof. 86 Ark. 464, 465; Pomeroy, Eq. Jur. (3 ed.), § 928, and cases cited.

Appellee is not by assignment deprived of any defense he may have had to the mortgage prior to the assignment. 25 Ark. 209. The assignee after maturity takes subject to all defenses against the assignor. 38 Ark. 127; 39 Ark. 306. See also 36 Ark. 689; 13 Ark. 150; 22 Ark. 17; 35 Ark. 453.

WOOD, J., (after stating the facts). The mortgage recites, among other things, as follows:

"The sale is on the condition that, whereas, I am justly indebted unto the said G.. Henry Green and W. A. Parker in the sum of one hundred dollars, evidenced by a note of even date herewith, due after date with interest.

"Now, if I shall pay said moneys, at the times and in the manner aforesaid, then the above conveyance shall be null and void," etc.

The mortgage was dated November 11, 1908. The alleged assignment was January 9, 1909. It will be observed that the mortgage recites that the note which it was executed to secure was "due after date." According to the mortgage, therefore, there was no date fixed for the maturity of the note which it was given to secure. It was not even due on demand; at least, it could not be considered as anything more than demand paper, if that.

It is true, appellee Wade, in one part of his deposition, stated that "the mortgage was to come due the 1st of November," in 1909, but other parts of his testimony show that the note was to be paid when the loan was procured for him by Green and Parker, and there was no time fixed when that

loan should be procured. It was to be procured for him as soon as possible. Now, the mortgage was incident to the debt, and could not have been due after the debt which it was given to secure was due. The mortgage was subject to foreclosure at and after the time when the note became due, whenever that was. Inasmuch as the mortgage did not name any date for the maturity of the debt which it was given to secure, it was so peculiar and out of the ordinary course in this respect as to put appellant upon inquiry, which, if pursued, would have disclosed circumstances to prove that the note was past due.

The mortgage itself and the testimony of appellee Wade with reference thereto were sufficient to warrant the court in finding that appellant purchased the mortgage (if he did purchase it) after the debt which it was given to secure was past due, and that therefore appellant was not an innocent purchaser for value. Appellant was notified by the mortgage itself that at most he could only be purchasing a security for demand paper.

"It now seems to be definitely settled, at least in this country," says Mr. Tiedeman, "that demand paper is overdue if it remains unpaid for an unreasonable time after its date or the date of delivery." Tiedeman on Bills and Notes, § 108. See also, Daniel & Douglass' Elements of the Law of Negotiable Instruments, § 240, citing 1 Parsons on Notes and Bills, § § 263, 264.

The circumstances under which this note was executed show that it was past due when appellant purchased the mortgage, and he therefore took it subject to any defects that might have been set up by the maker as against the payee.

It could serve no useful purpose to set out and discuss in detail the evidence concerning the fraudulent execution of the mortgage. It sufficeth to say that we have examined it carefully and are of the opinion that the court was fully warranted in holding the same to be fraudulent and void.

The judgment is affirmed.