School District No. 22 of Poinsett County *v.* Castell.

Opinion delivered October 14, 1912.

1. Schools—employment of teacher by two directors.—A contract for the employment of a teacher, entered into at a meeting of a school board at which only two of its members were present, and of which meeting the third member had no notice, is invalid. (Page 108.)

2. Same—notice of directors' meetings.—The requirement of the law that, before two of the directors of a school board could act in the absence of the third director, they must have given him notice of the meeting is not met by proof that there was a general understanding that two of the directors could act in the absence of the third director and without notice to him. (Page 109.)

Appeal from Poinsett Chancery Court; *C. D. Frierson,* Chancellor; reversed.

*Going & Brinkerhoff,* for appellant.

1. A contract entered into with two of three directors of a school district at a special meeting of which previous notice had not been given, and which meeting the third director did not attend, is invalid. 69 Ark. 159; 90 Ark. 335; 52 Ark. 511; 67 Ark. 236.

2.   It cannot be claimed that the third director ratified the contract in this case. The facts in *School District No. 2 v. Goodwin*, 81 Ark. 143, as so totally different from the facts here as to make that case inapplicable.

*J. F. Gautney* and *E. L. Westbrooke*, for appellee.

If the contract as originally executed was invalid, the evidence shows that it was acquiesced in by the third director and thereby validated.   81 Ark. 143, 144, 145; 83 Ark. 491; 67 Ark. 236.

FRAUENTHAL, J.   This is an action instituted by a school district through its directors seeking to enjoin appellee from using the public schoolhouse of the district and from teaching a school therein and also to cancel a contract made with him to teach said school, which it is alleged was invalid.   It is alleged in the complaint that a contract had been entered into with appellee to teach the school, but only two of the school directors had joined in its execution, and for that reason it was invalid. It was also alleged that the appellee was incompetent and had failed to perform his duties as teacher, and since the contract was made his license as a teacher had been revoked by the county superintendent of public schools.   To this complaint appellee filed an answer in which he denied each of the above allegations and averred that he had been duly employed to teach the school for ten months and was faithfully carrying out said contract.   Upon the filing of the complaint, a temporary restraining order was issued which was subsequently dissolved, and upon final hearing of the case the complaint was dismissed, and a judgment rendered in favor of appellee for damages for expenses incurred by him for paying railroad fare, hotel bills and other items in obtaining the dissolution of the temporary restraining order, amounting to a total of $30.63.   It appears from the testimony that on September 4, 1911, appellee entered into a written contract with two directors of the school district by the terms of which he agreed to teach the school for a period of ten months from that date.   He at once began teaching the school and continued for three weeks, when complaints were made by patrons charging that he was incompetent and failing to discharge correctly his duties as such teacher.   He was requested by the two directors to quit teaching the school,

which he refused to do. Thereupon, at the suggestion of these two directors, the superintendent of public instruction of the county saw him and requested him to quit teaching the school, and on his failing to do so declared his license as a teacher revoked. This suit was then instituted, and the appellee did not teach the school thereafter. The appellee taught the school for three weeks, and we think there was testimony sufficient to warrant the finding of the chancellor that he was a competent teacher and performed his duties properly, and that the revocation of his license was made without notice or hearing, and therefore was unauthorized and invalid. The undisputed testimony, however, shows that the contract for teaching the school was entered into by only two of the directors of the district. The third director had no notice of, and was not present at, the meeting at which this contract was made, and did not know that the contract had been made. He did not know that appellee had been employed as such teacher, and there was no evidence adduced showing that he knew that appellee was teaching the school during said three weeks. It appears that the two directors who signed the contract lived in one end of the district and the third director lived at some distance at the other end; that there were two schools in the district; and that the directors had a general understanding or tacit agreement that the two directors would employ a teacher at one of these schools and the third director at the other. The third director testified that he did not know of appellee's contract until the suit was instituted; that if he had known that any one was complaining of his employment he would not have signed the contract, and that he joined the other directors in their action in seeking to restrain appellee from further teaching the school.

As stated by counsel for appellee in their brief, the sole questions presented by this appeal for determination are:

(1)    Whether the contract signed by only two directors of the school district was binding, and

(2)    If not, was it acquiesced in and ratified by the third director so as to validate it?

It has been repeatedly held by this court that a contract entered into at a meeting of a school board at which only two of its members are present, and of which meeting the third had no

notice, is invalid. *School Dist.* v. *Bennett,* 52 Ark. 511; *Burns* v. *Thompson,* 64 Ark. 489; *Springfield Furniture Co.* v. *School Dist.,* 67 Ark. 236; *School Dist.* v. *Adams,* 69 Ark. 159; *School District* v. *Allen,* 83 Ark. 491; *School Dist.* v. *Garrison,* 90 Ark. 335.

The manifest purpose of the school law in providing for a board consisting of three members is to obtain the advantage of the counsel of three directors at a meeting for transacting the school district's business. The fact that the testimony in this case shows there had been a general understanding or agreement between the directors of this school district that two of them could act in the absence of the third and without prior notice to him of a meeting for such action would not meet this requirement of the statute. Such an agreement or custom would simply lead to the encouragement of a neglect of and failure upon the part of one of the directors to perform his duty, for which a penalty is prescribed by our statute.

It is conceded that the contract made by two directors with appellee was, according to the undisputed evidence adduced in the case, invalid at its inception, but it is urged that it was acquiesced in and ratified by the third director and thus made binding on the district. Reliance for this contention is made upon the case of *School District* v. *Goodwin,* 81 Ark. 843. In that case it was held that the contract for the employment of a school teacher, made at a meeting of two directors of which the third had no notice, was binding if acquiesced in and ratified thereafter by the absent director. In that case, however, the testimony tended to prove that the teacher opened and began teaching the school under her written contract with the knowledge and acquiescence of this absent director. The teacher continued to teach the school for two months, and the absent director, as the secretary of the school board, drew warrants in this teacher's favor for each of the completed months which she taught. Testimony showed that all parties in authority, including the absent director, had knowledge of the fact that the contract of employment had been made with the teacher when she opened the school, and by their acts and conduct acquiesced in the contract, defective though it was, by knowingly permitting her to continue teaching for nearly half of the life of the contract. It was held that such evidence

was sufficient to prove the acquiescence in and the ratification of the contract by the entire board.

In the case at bar, however, the undisputed evidence shows that the absent director did not know that the contract of employment had been made with appellee, or that he was teaching the school. Without such knowledge the absent director could not have acquiesced in the contract which was made, and therefore there could not have been any ratification of it by him. It follows that the contract under which appellee was proceeding to teach this school was invalid and not binding upon the school district. The decree is accordingly reversed, and this cause is remanded with directions to enter a decree in accordance with the prayer of the complaint.