SCHOOL DISTRICT No. 56 v. JACKSON.

Opinion delivered November 24, 1913.

1. SCHOOL DISTRICTS—POWER OF DIRECTORS TO BIND DISTRICTS.—The members of the board of directors of a school district have power to bind the district only when convened and acting together. (Page 264.)

2. SCHOOL DISTRICTS—CONTRACT TO TEACH.—A contract to teach is invalid when it was not signed at a meeting of the board of school directors, and the contract was signed by only two directors. (Page 264.)

3. SCHOOL DISTRICTS—CONTRACT TO TEACH—RATIFICATION.—Where there was no meeting of the board of school directors, but two directors signed the contract with plaintiff to teach, under the evidence all of the directors held to have so ratified the contract as to make it binding on the district. (Page 264.)

4. SCHOOL DISTRICTS—CONTRACT TO TEACH—BREACH.—When a teacher under contract to teach, stopped the school at the order of the directors, and reopened the school in two weeks after learning that the directors gave the order, thinking the contract with her was invalid, she will not be held to have committed a breach of the contract. (Page 264.)

Appeal from Randolph Circuit Court; *J. W. Meeks,* Judge; affirmed.

*T. W. Campbell,* for appellant.

1. The contract in evidence was not the contract of the appellant district, and was not binding upon it. 52 Ark. 511; 64 Ark. 489; 69 Ark. 159; 73 Ark. 194; 90 Ark. 335.

2. There was no ratification. Cases relied on by appellee to support the theory of ratification, 67 Ark. 236, and 81 Ark. 143, are so dissimilar from this case on the facts as not to apply.

*S. A. D. Eaton,* for appellee.

1. The contract in evidence was *prima facie* valid, and in the absence of proof to the contrary, the directors are conclusively presumed to have taken all steps necessary to the making of a valid contract. 2 Enc. of Ev. 794, and cases cited; 9 *Id.* 917; *Id.* 762; 11 Ark. 228; 79 Ark. 19.

2. Even if invalid in the beginning, the contract was ratified, and the district is bound by it. 81 Ark. 143; 67 Ark. 236; 21 Ark. 554. Appellant, having without objection accepted the services of appellee, is estopped from repudiating the contract, even if it was executed by the directors without proper authority. 36 Ark. 577; 48 Ark. 256; 55 Ark. 113; 87 Ark. 289; 83 Ark. 513.

HART, J. Appellee sued appellant before a justice of the peace to recover a balance alleged to be due her as teacher's salary. The justice rendered a judgment in her favor, and, on appeal to the circuit court, there was a trial before a jury which resulted in a verdict in her favor for the amount sued for; and from the judgment rendered, appellant has duly prosecuted an appeal to this court.

The facts are as follows: On the 4th day of December, 1911, appellee, Elizabeth Jackson, entered into a written contract with L. I. Bramlett and C. M. McDaniel, directors of School District No. 56 of Randolph County, Arkansas, to teach a school for three months from that date for the sum of $35 for each school month. The contract was signed by Bramlett in his field, and by Mc-Daniel at his home about a mile distant from the place where Bramlett signed it. H. H. Wiley, the remaining director, did not sign the contract. Mr. Wiley, however, knew that she began teaching under the contract signed by the other two directors, and sent his boy to the school. After she had taught the school for seven weeks, Bramlett and Wiley, two of the directors, sent her a written notice to stop the school, without giving her any reason therefor. They signed a voucher in her favor for the amount that she had already earned. Two or three days before they sent her this notice, eight of the pupils stayed out of school one afternoon and played on the ice. This was on Friday evening, and on Monday morning, before she went to school, appellee went to see Mr. Wiley about it. Mr. Wiley went to the schoolhouse with her, and, of the boys who had played on the ice, his son, Curtis, was the only one present. Mr. Wiley told her not

to punish him, because he was the only one present, and said the next time they left school in that manner to punish them all. After receiving the notice to stop the school appellee ceased to teach it for two weeks, and then resumed and taught the balance of the term. The directors refused to pay her for the five weeks taught by her after they had notified her to quit, and she brought this suit to recover $43.75, the balance alleged to be due her under the contract.

This court has held that the members of a board of school directors have no power to act individually, and that it is only when convened and acting together as a board that they represent and bind the district by their acts. *School District* v. *Bennett,* 52 Ark. 511; *School District No.* 54 v. *Garrison,* 90 Ark. 335; *School District No.* 22 v. *Castell,* 105 Ark. 106, and cases cited.

Under the undisputed evidence, the contract was invalid in its inception, because there was no meeting of the board of school directors, and the contract was signed by only two of its members. The two directors who signed the contract knew that appellee began to teach the school under the contract and acquiesced in her so doing for seven weeks, the greater part of the term. The evidence, however, shows that Wiley, the director who did not sign the contract, sent his boy to the school, and knew that appellee was teaching it under the contract made with the other two directors. He advised her on one occasion not to punish his son for an infraction of the rules, but told her that if the offense was repeated to punish all the pupils who offended against the rules. She was permitted to teach for seven weeks without any objection and, under these circumstances, we think there was a ratification of the contract made with her. It is true she stopped the school for two weeks upon being notified to do so by the directors, but she said that they did not give her any reason for their action in the matter and that when she found out that it was done because her contract was deemed invalid she resumed teaching and taught for the remainder of the term, which was five

weeks. Under these circumstances, we do not think that her action in stopping the school for two weeks, upon notification to do so by the directors, was an acquiescence in their contention that the contract was invalid. The reason is that she was ignorant of their reason for notifying her to stop the school, and, immediately upon finding out that they had done so because they deemed the contract invalid, she took advice on the question and resumed teaching, and taught for the balance of the term without any further objection being made.

The judgment will be affirmed.