## SCHOOL DISTRICT No. 69 OF YELL COUNTY *v.* HUNDLEY.

Opinion delivered January 15, 1917.

1. SCHOOLS—CONTRACT WITH TEACHER—MEETING OF DIRECTORS.—In an action on a contract with a school district, to teach school, *held,* the evidence was sufficient to show a legal meeting of the directors.

2. SCHOOLS—CONTRACT TO TEACH—RATIFICATION.—A contract to teach school, made with plaintiff, *held,* to have been ratified by the district.

Appeal from Yell Circuit Court, Dardanelle District; *A. B. Priddy,* Judge; affirmed.

*L. C. Hall,* for appellant.

1. No contract can be binding on a school district unless made at a meeting of the directors at which all were present or had notice. 64 Ark. 491; 69 *Id.* 162. No notice was given Director Wallace. All persons who contract with school officers are presumed to know the extent of their powers. 127 S. W. 969.

2. There was no ratification by the directors. Usage cannot make a contract or effect the settled rules of law. 69 Ark. 313; 85 *Id.* 568.

3. The instructions are not warranted by the evidence. 85 Ark. 390; 87 *Id.* 243. Two directors may make a contract, if all are present at a meeting; but no meeting can be held unless all are present or had notice. 52 Ark. 515.

*Jno. B. Crownover*, for appellee.

1. There was such a meeting as would bind the district and the contract is binding. 53 Ark. 468; 90 *Id.* 339. All had notice and the contract was made by the two present. 52 Ark. 511; 81 *Id.* 143; 105 *Id.* 109; 108 *Id.* 1; 109 *Id.* 125; 110 *Id.* 264; 118 *Id.* 598; Kirby's Digest, § 7821.

2. The contract was ratified by the directors. 81 Ark. 143; 105 *Id.* 109; 110 *Id.* 264; 67 *Id.* 236.

3. Taking the instructions as a whole the case was fairly submitted to the jury. 6 Ark. 86, 428; 10 *Id.* 138; 17 *Id.* 385; 26 *Id.* 309; 53 *Id.* 468; 90 *Id.* 339; 36 *Id.* 449; 109 *Id.* 129; 118 *Id.* 599.

4. Usages and customs may be proven. 69 Ark. 313; 85 *Id.* 568; 84 *Id.* 382; 81 *Id.* 549; 89 *Id.* 591; 91 *Id.* 310.

SMITH, J. Appellee was the plaintiff below and alleged in her complaint that she had entered into a written contract with School District No. 69 of Yell county whereby she agreed to teach school for the period of three months for the consideration of $45.00 per month, and she testified, in support of the allegations of her complaint, that she performed the conditions of this contract by teaching school, and upon the trial she recovered judgment for $135.00, the amount sued for.

It was admitted upon the trial that appellee taught the school, but it was denied that she had any legal contract authorizing her so to do. This issue was submitted to the jury under proper instructions, one of

which was requested by appellant, which declared the law to be that a valid contract could not be made except at a meeting of the board of directors at which all the directors were present or of which all had notice; and it is urged by appellant that there is not sufficient evidence to support the finding that such a meeting was held.   The proof shows this to have been a small district, and that there was no regular time for the meeting of the directors, and that no record was made or kept of the proceedings of the meetings that were held. The directors of the district were named Grant, Beck and Wallace, and the contract sued on was signed only by Grant and Beck.   Wallace refused to sign, and testified that no meeting of the directors was ever held. Grant testified, however, that he undertook several times to call a meeting, but was unable to secure Wallace's attendance, and that he sent notice of a meeting on three different occasions by appellee, and sent notice of another meeting by Wallace's son.   Appellee testified that she delivered these messages.   Wallace attended the meeting of which he was notified by his son, but on account of the absence of Beck no business was attended to at that time, but he did not attend any other meeting.

(1)   Grant testified that appellee had taught the winter school, and had given satisfaction, and had made application for the summer school, and that he and Wallace discussed her application and that Wallace stated he preferred having a man and could get one for $5.00 less per month than appellee asked, and that at one of the meetings which he had called, and which Wallace did not attend, he and Beck agreed to give the school to appellee, but did not agree on the price to be paid, that this question was left open to be determined later, and that a written contract was prepared on blanks furnished for that purpose, and that all the blank spaces were filled except the one relating to the amount of salary, and that later the amount of $45.00 per month was written into the contract, and he and Beck signed it, but Wallace refused to do so.   We think

this evidence legally sufficient to support the finding that there had been a meeting of the directors.

(2) The question of ratification of the contract was also submitted to the jury, and upon this issue it was shown that, upon the day appointed by the contract for opening the school, Wallace appeared and notified appellee that a man named Tucker had been employed to teach the school and would do so and that she had no legal contract. It was shown, however, that Tucker had not been employed to teach the school and had no license which would have authorized him so to do. It is also shown that the other directors ordered the school to proceed and that while Wallace did not send his children to school, nearly all the other patrons of the school did send their children, and that the teacher's register was received by the directors at the close of the term and was used by them in making up the annual report which they were by law required to make, and Wallace admitted having stated to appellee before the school was taught, "If the other directors hired you, I cannot contrary them."

While this evidence is not all undisputed, it is legally sufficient, if accepted by the jury as true (and we must assume that this was done), to support the finding of ratification on the part of the district. *School District No. 56* v. *Jackson*, 110 Ark. 262.

The judgment of the court below is affirmed.