DELL SPECIAL SCHOOL DISTRICT No. 23 *v.* JOHNSON.

Opinion delivered May 21, 1917.

SCHOOLS—INVALID CONTRACT TO TEACH—RATIFICATION.—An invalid contract to teach school may be ratified by the school board, by their acquiescence therein, with full knowledge; but a contract void in the beginning for want of power, can not be ratified.

Appeal from Mississippi Chancery Court, Chickasawba District; *C. D. Frierson,* Chancellor; affirmed.

*R. A. Nelson* and *G. E. Keck,* for appellant.

1. The teaching of the school, without a contract required by law, did not render the district liable. Kirby's Digest, § 7615; Acts 1911, Act 206. A contract was necessary. 87 'Ark. 97; 107 *Id.* 308; 52 *Id.* 487; 64 *Id.* 487.

2. The warrant was issued without authority of law. There was no vote of the people at the previous election. The unlawful act could not be ratified. Kirby's Digest, § 7686; 64 Ark. 487; Kirby's Digest, § 7699; Acts 1909, p. 948; 94 Ark. 583. The issuance of the warrant for the purpose of borrowing money was beyond the powers of the board and void. 25 Ark. 261; Throop on Publ. Off., § § 21, 576; 1 Dillon on Mun. Corp., § 25. There could be no ratification. 94 Ark. 583; 101 U. S. 71; 25 Ia. 451; 67 Mo. 319.

3. The issuance of the warrant was *ultra vires.* There was no right of subrogation.   99 Ark. 624; 86 *Id.* 82; 16 L. R. A. (N. S.) 234; 67 *Id.* 236; 21 *Id.* 551; 81 *Id.* 143; 110 *Id.* 262; 43 Ark. Rep. 617.   There can be no innocent holder of a school warrant issued without power, or contrary to law.   94 Ark. 583, 588.

4. There was no contract; the warrant was void; there was no vote of the electors; there was no subrogation; the bank took with notice; there could be no subrogation and there was no estoppel.

*Baker & Sloan,* for appellees.
1. The district is estopped by ratification.   None of the acts were *ultra vires.*   The benefits were received. 98 Ark. 38; 108 *Id.* 1, 7; 67 *Id.* 236; 81 *Id.* 143; 81 Ark. 244; 82 *Id.* 531; 87 *Id.* 389; 110 *Id.* 262; 183 S. W. 168; 9 Ark. Law Rep. 617.

2. As to subrogation, see 45 Ark. 149; 77 *Id.* 282.

3. On the cross-appeal, interest should be allowed as expenses.   95 Ark. 26; 55 *Id.* 265.

McCulloch, C. J.   This is an action instituted in the chancery court of Mississippi County against appellant, a single school district, in the town of Dell, to recover the sum of $1,100, due under a contract alleged to have been entered into between the school district and one of the appellees, A. S. Johnson, to cover his salary for teaching a term of school for the district and the expenses in operating the school.   Appellees were decreed a recovery of the sum of $1,000, and have cross-appealed on the ground that the court erred in refusing to decree the full amount claimed.   There is no question raised about the suit having been improperly brought in the chancery court.   The chancellor was warranted in finding from the testimony the following state of facts:

Appellee, A. S. Johnson, was a licensed school teacher in Mississippi County and sought employment from the Dell school district to teach for a term of six months, beginning in the autumn of the year 1914.   There

were two obstacles in the way—one that the district was cut of funds, and the other that there were two factions among the patrons of the school and among the members of the school board, one faction favoring the employment of Johnson and the other faction favoring another school teacher. It was agreed between the two factions that petitions should be circulated among the patrons of the school and that the teacher receiving the highest number of favoring signatures should be employed. It was found that a majority of the patrons of the school favored the employment of Johnson and it was understood among all factions that there should be harmony, and that if any one was employed it should be Johnson. The other obstacle, however, stood in the way—the want of funds. Johnson proposed that for the sum of $1,000 he would teach the school for six months, pay the salary of Miss Newcom, an assistant teacher, who was the choice of the school board, and pay the other operating expenses of the school, such as fuel, janitor service and other incidentals, and also to pay the interest coupons on the bonded indebtedness of the district during the period the school was being taught. In the negotiations the fact was recognized that there was no money in the treasury to the credit of the district, and that it would be necessary to get some one to advance the money to defray the expenses of conducting the school, and it was agreed that the contract with Johnson should be for the sum of $1,100 in order to enable him to raise the money. The proposition was accepted and a warrant for the sum of $1,100 was issued to Johnson, the warrant being signed by the secretary and three others of the directors. Two of the directors refused to sign. The warrant was drawn in due form on the county treasury and was approved by endorsement of the county superintendent of schools, and upon presentation to the treasurer endorsement was made thereon showing that it was not paid for lack of funds.

There was never any formal meeting of the school board, nor was there any written contract entered into between the board and Johnson other than the issuance of the warrant, but the negotiations were conducted at informal interviews between Johnson and the various directors. It is conceded that there was no valid contract entered into between Johnson and the school district. However, it is undisputed that Johnson arranged with the Citizens Bank of Monette for the advancement of the sum of $1,000, that he assigned the warrant to the bank and secured the money, taught the school for the period of six months with the assistance of Miss Newcom; that he paid Miss Newcom $300, the full amount of salary agreed on, and also paid $72.41 for coal and other fuel, $30 for janitor services, and $80 for discharging interest coupons on the indebtedness of the district.

There was no objection made to the operation of the school. He and his assistant taught the school to the entire satisfaction of the people of the community and the patrons, and it is shown that all of the directors patronized the school by sending their children. The Citizens Bank of Monette and Miss Newcom were joined with appellee Johnson as plaintiffs in the action, and it is conceded that the bank is the real party in interest, Johnson and Miss Newcom both having received out of the funds advanced by the bank all that they expected under their respective contracts. The bank was joined as plaintiff in the action, it is said, on the theory that it was entitled to recover upon the doctrine of subrogation, but since all the parties who had at any time an interest in the controversy have been joined as plaintiffs, it is unnecessary to discuss that theory if either of them is entitled to recover anything from the school district. Now, it is conceded, as before stated, that there was no valid and binding contract made with the school board, but recovery is sought solely on the theory that the informal, verbal contract entered into between Johnson and the school board was subsequently ratified by the conduct of the school board

and the patrons of the school in permitting Johnson and Miss Newcom, without objection, to teach the school for the full period of six months.

We think that appellees are correct in their contention, and that the court properly granted relief upon that theory.  An invalid contract may be ratified by those representing the school district.  That has been decided by this court in many cases, and the application of the rule has been made to the ratification of an invalid contract for the employment of a teacher.  *School District* v. *Jackson,* 110 Ark. 262; *School District* v. *Hundley,* 126 Ark. 622, 191 S. W. 238.

The ratification in this instance was complete because the directors had full knowledge of the operation of the school, and by their conduct expressed their acquiescence and favor.  We must, of course, recognize the limitation upon this doctrine that a contract which was void in the beginning for want of power to make it can not be ratified.  *Texarkana* v. *Friedell,* 82 Ark. 531; *First National Bank of Waldron* v. *Whisenhunt,* 94 Ark. 583.

There was, however, nothing in this transaction, so far as concerns the amount allowed by the chancellor in his decree, which was beyond the power of the school board to contract for.  The board had the power to contract with Johnson for the payment of his salary.  It had the power to employ the assistant teacher and fix her salary, which was paid by Johnson, and it also had the power to provide for the payment of the other expenses of operating the school.  We find nothing in the statute which authorizes a school board to enter into a contract with one teacher to employ assistants and to operate the school and pay the expenses out of the gross amount stipulated in the contract, and it certainly is a practice not to be encouraged, for the school board should not be, and is not, permitted to delegate its powers with respect to the employment of assistant teachers and in making contracts concerning the operating expenses of the school.  But Miss Newcom, the assistant teacher, was employed and her

salary was paid by Johnson. All the members of the board knew this and ratified it by their conduct. The same may be said concerning the other expenses of operating the school. There is no contention that there was any intentional wrong committed, or that the contract was in any respect an improvident one. Appellants stand solely on the original invalidity of the contract and on that ground alone seek to defeat recovery.

Our conclusion is that this defense must fail on the ground that there has been a complete ratification. The chancellor was correct in refusing to decree the additional sum of $100 included in the contract for the purpose of paying interest on the money to be advanced. The school board had no authority under the statute to borrow money for that purpose, and they could not ratify an agreement which was beyond their power in the first instance to enter into. *A. H. Andrews Co.* v. *Delight Special School District*, 95 Ark. 26. Neither can school warrants legally be made to bear interest. We held in the case just cited that a contract would not be declared invalid because in fixing the price on a sale of school furniture the delay was taken into consideration and the price enhanced to the extent of reasonable interest. That holding was based upon the idea that the court found that the interest included was part of the price of the school furniture, but in the present case the chancellor found that the sum of $100 was included in the contract solely for the purpose of enabling Johnson to borrow the money. There was evidence sufficient to warrant that conclusion, and under that state of facts it would be carrying the doctrine of ratification too far to hold that an illegal arrangement to borrow money and pay interest thereon could be imposed upon the school district.

We are of the opinion that the decree of the chancellor was in all things correct, and the same is affirmed.