SCHOOL DISTRICT No. 36 OF HOT SPRING COUNTY *v.* GARDNER.

Opinion delivered March 8, 1920.

1.  SCHOOLS AND SCHOOL DISTRICTS—EMPLOYMENT OF TEACHER—RATIFICATION.—Where two only of the three directors of a school district employed a teacher, and the third director subsequently signed the contract, and insisted that the teacher perform her contract, the contract was ratified and became binding on the district.

2. Appeal and error—presumption where instructions are not abstracted.—Where the instructions are not abstracted, it will will be presumed on appeal that the case was submitted to the jury under proper instructions.

3. Appeal and error—cross-appeal.—Where plaintiff, who secured judgment below, filed no motion for new trial, she can not claim on her cross-appeal that the verdict should have been for a larger amount if she was entitled to recover at all.

Appeal from Hot Spring Circuit Court; *W. H. Evans, Judge;* affirmed.

*D. D. Glover,* for appellant.

The plaintiff alleged she had a legal contract to teach a four months' school in district No. 36. Defendants denied this. This made an issue to be tried by a jury. The court erred in taking the issue from the jury. 91 Ark. 335; 105 *Id.* 106.

The court erred in its instructions and in its modifications of defendant's prayers.

*Andrew I. Roland,* for appellee.

A contract with a teacher signed by only two of three directors may be ratified, even though never signed by the third director as here. 110 Ark. 262; 126 *Id.* 622; 129 *Id.* 211. But here the third director signed the contract to make it valid. Act 96, Acts 1913, § 6. While a school district may be relieved from liability for compensation to a teacher when the school is closed by an act of God, or the public enemy, a mere contagious disease is not such an act; and where a teacher is ready and offers to continue her duties under the contract, no deduction can be made from the salary for the time the school is closed. 35 Cyc. 1099 and cases cited.

The court should have given instruction No. 1, also Nos. 2 and 3, and no deduction should have been made for the time the school was closed on account of influenza. Courts take judicial knowledge of who are public officers of the State. 66 Ark. 183. Also of the records of the Secretary of State and journals of the Senate and House (106 Ark. 511), and also of administrative regu-

lations of considerable notoriety established by important State boards. 16 Cyc., p. 903. The court should have taken judicial notice of the notorious order of the State Board of Health closing the schools and given plaintiff's instruction No. 1.

SMITH, J. Appellee recovered judgment on a contract to teach a school for and in the appellant school district. It is said her contract was not valid because only two of the directors had signed it at the time of its execution. The contract called for a four-months school at $60 per month. The school opened October 14, and was closed by the directors on October 16 on account of the influenza epidemic. Thirty days thereafter the third director, who had not signed the contract originally, did sign it, and on December 9 the school was reopened and appellee taught the remainder of the four months. The testimony is conflicting as to why the school was not resumed earlier; but appellee testified, and was corroborated by her father and other witnesses, that during the period of time covered by the contract when the school was not being taught she was offering to teach it and had asked permission of the directors to resume it. This was denied by the directors, who alleged in their answer, and testified at the trial, that appellee refused to finish the school, and that the directors requested her to begin the school earlier after its suspension and insisted that she do so.

The court gave an instruction numbered 4, reading as follows:

"The court instructs the jury that, although you may believe from the evidence that there was no meeting of the board of directors prior to making the contract sued on herein, still, under the undisputed evidence, the directors ratified said contract, and after the ratification it became a binding contract between the parties thereto."

It is insisted that error was committed in giving this instruction, in that the jury should have been allowed to say whether the contract had been ratified or not. No

error was committed in giving this instruction. The signature of the third director made a valid contract, and the teacher was paid $126 of her salary. Moreover, the directors not only assented to the fact that appellee had a valid contract, but insisted that she perform it, and now defend against this suit upon the ground that she refused to comply with it. In their brief they say: "The three directors swear positively that they did not stop the school. That they did not prevent her from beginning at her will, and that they urgently tried to get her to teach out her term of school and she would not do it. That they had the money to pay her and urgently requested that she teach it out." *School District* v. *Jackson,* 110 Ark. 262; *School District* v. *Hundley,* 126 Ark. 622; *School District* v. *Johnson,* 129 Ark. 211.

The instructions are not abstracted, and we must, therefore, assume that the case was submitted to the jury under proper instructions; and as the testimony of appellee and her father was legally sufficient to support a finding that appellee was ready and willing to perform the contract, we can not consider any question of the preponderance of the testimony on that subject.

The jury returned a verdict in appellee's favor for $75, and on her cross-appeal it is insisted that the verdict should have been for $111; that if she is entitled to recover at all—and the jury has found in her favor—she is entitled to $111, if entitled to anything. This insistence is answered, however, by saying that appellee filed no motion for a new trial in the court below.

No error appearing, the judgment is affirmed.