BALD KNOB SPECIAL SCHOOL DISTRICT *v.* McDONALD.

Opinion delivered May 17, 1926.

SCHOOLS AND SCHOOL DISTRICTS—VERBAL CONTRACT OF EMPLOYMENT OF TEACHER.—While Crawford & Moses' Dig., § 8917, requiring contracts for employment of teachers by school districts to be in writing, is mandatory, a verbal contract may be ratified by a district by accepting the teacher's services, but, in the case of a partial performance, the ratification extends only to the period of performance.

Appeal from White Circuit Court; *E. D. Robertson,* Judge; reversed.

*John E. Miller* and *Culbert L. Pearce,* for appellant.

*Brundidge & Neelly,* for appellee.

McCULLOCH, C. J. Appellee is a school-teacher by profession, and in September, 1924, the directors of appellant school district entered into a verbal contract with him whereby he was employed as superintendent of schools for a term of eight months, beginning September 15, 1924, at a salary of one hundred and fifty dollars per month. He acted in the capacity in which he was employed for about seven weeks from the commencement of the term, and was then discharged by the board, after a hearing upon charges preferred against him for certain misconduct. He was paid for his services actually performed at the rate stipulated in the verbal contract, and he instituted this action against the district to recover the salary for the remainder of the term for which he was employed. The district defended on the ground that the contract was void by reason of not being in writing, and also on the ground that appellee's discharge was rightful on account of certain misconduct. The

trial court decided that the contract, though verbal, had been ratified, and, on the other issues in the case, directed a verdict in favor of appellee.

The authority conferred upon directors of school districts with reference to the employment of teachers and superintendents is limited under the statute to employment by written contract "specifying the time for which the teacher is to be employed, the wages to be paid per month, and any other agreement entered into by the contracting parties." Crawford & Moses' Digest, § 8917; *Griggs* v. *School District,* 87 Ark. 93; *Marr* v. *School District,* 107 Ark. 305. The right of appellee to recover, however, is asserted on the ground that the directors ratified the contract by permitting appellee to perform services thereunder for a portion of the term. The decisions of this court support the contention that an invalid contract for the employment of a teacher or superintendent may be ratified, and in one of our cases (*Dell Special School District* v. *Johnson,* 129 Ark. 211) we applied that rule to a verbal contract. In that case, however, the teacher had completely performed the contract for the full term of employment. In other cases we have held that partial performance of the contract would constitute a ratification for the full term, but in none of those cases was there a verbal contract involved. *School District* v. *Goodwin,* 81 Ark. 143; *School District* v. *Jackson,* 110 Ark. 262; *School District* v. *Hundley,* 126 Ark. 622.

There is now presented to this court for the first time the question whether or not part performance of such a contract, with the acquiescence of the directors and patrons of the district, constitutes a ratification so as to validate the contract in its entirety. Our conclusion is that the ratification extended only to the period of performance and not to the entire contract, otherwise the statute would be entirely ignored. We hold that the statute is mandatory, and that the directors have no authority to make a contract in any other form. They may ratify such a contract by accepting the services of the teacher

or superintendent, but the ratification extends, as before stated, only to the period of performance. The question of liability under such a contract partially performed is the same as that of liability under a verbal contract for any other personal services, which is governed by the Statute of Frauds, and this court has held that partial performance of a contract for personal services does not take a verbal contract out of the operation of the Statute of Frauds except to the extent of imposing liability for that part which was performed. *Meyer* v. *Roberts*, 46 Ark. 80; *Henry* v. *Wells*, 48 Ark. 485; *Oak Leaf Mill Co.* v. *Cooper*, 103 Ark. 79.

It is unnecessary to discuss the other features of the case, for the reason that, under the view of the law expressed above, there was no liability of the district to appellee except for the part of the service actually performed, which has been discharged by payment.

The judgment is therefore reversed, and the cause dismissed.