McDougald v. Special School District No. 43.

Opinion delivered October 3, 1927.

Schools and school districts—ratification of employment of teacher.—A teacher discharged before expiration of the term of employment under a written contract, signed by all the directors of the school district except one, where the contract was subsequently ratified by all the directors, *held* entitled to the agreed salary for remainder of the term.

Appeal from Union Circuit Court, Second Division; *W. A. Speer,* Judge; reversed.

*Marsh, McKay & Marlin,* for appellant.

*McNalley & Sellers,* for appellee.

Humphreys, J.   Appellant brought suit in the circuit court of Union County, Second Division, against appellees to recover a balance of $375 alleged to be due her under the following written contract, to-wit:

"State of Arkansas, county of Union.

"This agreement between G. F. Dougal, J. R. Green, J. H. Norris, G. W. Dougal and E. J. Dougal, as directors of the School District No. 43, in the county of Union, State of Arkansas, and Miss Lola McDougald, a teacher who holds a license in said district, is as follows:

"The said directors agree, upon their part, in consideration of the covenants of said teacher, hereinafter contained, to employ the said Lola McDougald to teach a common school in said district for the term of six months, commencing on the 27th day of July, A. D. 1925, to pay therefor, in the manner and out of the funds provided by law, the sum of one hundred and twenty-five and

no/100 dollars ($125) for each school month. Said directors further agree that all steps required or allowed by law to be taken by said district and its officers to secure the payment of teachers' wages shall be so had and taken promptly, and the requirements of the law in favor of the teacher complied with by said district. The teacher on her first part agrees to keep said school open eight hours each school day; keep carefully the register required by law; preserve from injury, to the utmost of her power, the district property; give said school her entire time and best efforts during school hours, use her utmost influence with parents to secure a full attendance of scholars, and generally comply with all requirements of this State in relation to teachers, to the best of her ability. It is further agreed that neither party will break or terminate this contract unless by mutual consent of both parties to the contract. Signature: F. G. Dougal, J. R. Green, H. J. Norris, G. W. Dougal, E. J. Dougal, directors. Lola McDougald, teacher.''

It was alleged in the complaint that, after appellant taught the school for three months and received pay therefor, appellees discharged her without cause, and refused to allow her to teach for the remainder of the term or to pay her for the unexpired time, although she was unable to procure employment elsewhere after making diligent effort to do so.

Appellees filed an answer, denying the validity of the contract, and interposing the further defense that they discharged appellant because she was incompetent to teach the eighth grade, and because she could not maintain order and discipline in the school.

The cause was heard upon the pleadings and the testimony introduced by appellant, at the conclusion of which each party moved for an instructed verdict, whereupon the court instructed the jury to return a verdict for appellees upon the return of which he rendered a judgment dismissing appellant's complaint. Appellant has duly prosecuted an appeal to this court.

Appellant introduced the contract, and testified, in substance, as follows:

That, at the regular annual school meeting in 1925, she met all of the directors except E. J. Dougal, and entered into a contract with them to teach the school for six months, which was to begin when the new school building was completed, at which time the contract introduced in evidence was reduced to writing, executed and delivered to her; that the names of the five directors attached to the contract were signed to it by E. J. Dougal; that she taught the school for three months, and received pay for the months taught at the rate of $125 per month; that she had a first grade certificate, and was competent to and did teach all of the grades taught in the public schools, and maintained order and discipline in the school; that the directors discharged her at the expiration of three months without cause, claiming that she was inefficient and unable to maintain discipline in school.

The trial court directed a verdict for appellees upon the theory that the written contract was ineffective because not made pursuant to a valid agreement previously entered into; and because the name of director Alfred West was not signed to it, and because the signatures of the directors were signed by E. J. Dougal, without an affirmative showing that he had authority to sign their names; and because, under authority of *Bald Knob Special School District* v. *McDonald,* 171 Ark. 72, 283 S. W. 22, handed down by this court on May 17, 1926, the ratification only applied to the part of the contract performed and did not extend to the entire contract. The case relied upon by the court was dealing with an oral contract which the directors had no right to make in the beginning, and not a written contract which they had a right to make; hence the rule of non-ratification announced therein was inapplicable to the instant case.

The undisputed facts in the instant case revealed that the contract was in writing, and that the only director whose name was not signed to it subsequently sent his children for a time to the school. The directors paid her for the time she taught under the written contract, in accordance with its terms. It is unnecessary to con-

sider or discuss the invalidity of the written contract,
for, according to the undisputed evidence, it was ratified
by all the directors, under the doctrine of ratification
announced in the cases of *Dell Special School Dist. No.
23* v. *Johnson,* 129 Ark. 211, 195 S. W. 373, and *Davis* v.
*White,* 171 Ark. 385, 284 S. W. 764.

On account of the error indicated the judgment is
reversed, and judgment is directed to be entered herein
in favor of appellant in the amount of $375, interest,
and costs.