## HAWKINS v. BREWER.

4-6573                                    157 S. W. 2d 759

Opinion delivered January 19, 1942.

W. V. Thompson, for appellant.

R. W. Tucker, for appellee.

GREENHAW, J. The appellant instituted suit against the appellees in the Independence circuit court to recover upon a note executed by the appellees on April 1, 1931, for the sum of $531.36 in favor of O. G. Miller.

The note was due 12 months after date, and bore interest at the rate of six per cent. per annum from date until paid. The appellant further alleged that he bought the note from the payee, O. G. Miller, in April, 1940, for a valuable consideration, the note being transferred and assigned to him at that time.

The indorsements on the back of the note showed that credits were entered in September, 1938, for $2.10 for lumber, in April, 1939, for $10 for a plow, and on April 25, 1940, for $311 in satisfaction of a judgment of F. W. Brewer against appellant. The appellant contended that there was due on said note a balance of $525.93, for which he prayed judgment.

The appellees denied that the note was executed for value, and stated that it was delivered as a receipt for deposits in the North Arkansas Bank under agreement that appellees would use the deposits if possible and pay O. G. Miller, the payee in the note, not less than 50 per cent. of their value. They further alleged that they were unable to realize more than 50 per cent. of the value of said deposits, and that in 1940 they entered into a supplemental agreement with O. G. Miller under which the note should be satisfied by payment of 50 per cent. of its value, and that the note had been paid in full pursuant to that agreement.

Appellees denied that the note was transferred to the appellant for a valuable consideration, and alleged that it was delivered to appellant for collection and the appellant held same for collection when the appellees were given credit on said note for $311 by the appellant.

The case was tried before a jury and a verdict returned in favor of the appellees.

In the motion for a new trial, which was overruled, the appellant set forth as grounds for a new trial that the verdict and judgment were contrary to the law, to the evidence, and to both the law and the evidence, and also that the court erred in refusing to direct the jury to return a verdict in favor of appellant. The only other error assigned in the motion for new trial was that the court erred in giving instruction No. 4, where-

in the jury was instructed that if it believed from a preponderance of the evidence that the note sued on had in fact been paid, its verdict should be for the defendants.

The evidence in this case was conflicting. We cannot agree with the appellant that the court erred in refusing to direct a verdict for the plaintiff, nor in giving to the jury instruction No. 4. Instruction No. 4, in our opinion, is not inherently wrong. The appellant does not assign as error the giving of other instructions by the court which he did not abstract, and we of course assume that they were correct and proper. *School District No. 36 of Hot Spring County* v. *Gardner,* 142 Ark. 537, 219 S. W. 11.

According to the undisputed evidence, the note sued on was long past due at the time the appellant contends he purchased it in April, 1940. It is well settled under our negotiable instruments law that a purchaser who acquires a note after maturity, not being a holder in due course, takes it subject to all defenses which could be made against the original payee. See *Melton* v. *State,* 177 Ark. 1194, 10 S. W. 2d 500; *Kerby* v. *Wade,* 101 Ark. 543, 142 S. W. 1121.

Whether or not the note sued upon had been paid in full was a disputed question of fact for the jury to determine under the evidence in this case. We think this case was submitted to the jury under proper instructions, and are unable to say that there was not substantial evidence to support the verdict of the jury.

Finding no error, the judgment is affirmed.