HORSMAN *v.* TOKIO SCHOOL DISTRICT No. 82.

4-7901                                          195 S. W. 2d 51

Opinion delivered June 17, 1946.

Rehearing denied July 8, 1946.

226

*E. G. Ward,* for appellant.

*Kirsch & Cathey* and *Phil Herget,* for appellee.

HOLT, J. Appellant, Mrs. Carmen Horsman, sued the appellees, School Districts, to recover balance alleged to be due her as teacher's salary. The cause was tried before the court, sitting as a jury, and there was a finding and judgment in favor of appellees. This appeal followed.

The material facts appear not to be in dispute. Appellant and another teacher, Mrs. French as principal, taught the 1944 summer term for appellee, Tokio School District No. 82. Appellant taught the first four grades and Mrs. French the fifth, sixth, seventh and eighth. Thereafter, appellant and Mrs. French were employed under separate written contracts by appellee, The Tokio School District, to teach the 1944 winter term. Appellant's contract, dated September 22, 1944, is involved here. Under its terms, appellant agreed to teach at a monthly salary of $115 the first four grades of the Tokio

School for a term of six and three quarters months, beginning November 6, 1944. The Tokio schoolhouse contained two rooms. The parties here stipulated: "That on the 6th day of November, 1944, both of said teachers began the winter term of said Tokio School as provided in said contracts, Mrs. French being the principal or superintendent, and was assigned the fifth, sixth, seventh and eighth grades therein; and the plaintiff (appellant) was assigned the first, second, third and fourth grades therein; that while said school was in progress, plaintiff (appellant) was notified by letter under date of November 24, 1944 . . . written by John Baumgartner, as president of the Marmaduke School Board, District No. 2 of Greene county, Arkansas, to the effect that said Tokio School District No. 82 has been dissolved and its territory thereof annexed to Marmaduke Special School District No. 2."

It further appeared that the Marmaduke School Board offered to permit appellant to teach the first four grades at the Marmaduke schoolhouse that she was teaching at the Tokio School under her contract with this latter district. The Marmaduke School is approximately two miles further from appellant's home than the Tokio schoolhouse. Appellant was offered free bus transportation to the Marmaduke School. Appellant refused to transfer and teach at the Marmaduke School, whereupon the Marmaduke School Board informed her by letter that it would not pay her the salary stipulated in her contract with the Tokio School District for any further services performed by her as teacher at the Tokio School.

It was further stipulated: "That at the end of the first school month of said winter term the plaintiff (appellant) was issued a warrant for her salary for said first month in the sum of $115, less withholding and teachers retirement tax, by the Marmaduke Special School District No. 2 of Greene county, Arkansas; that plaintiff (appellant) continued to teach the said first, second, third and fourth grades of school at Tokio School until the end of the six and three-fourths months period

shown in said contract, but received no further salary payments for said services therein; that plaintiff (appellant) continued to use the school books, school supplies, teacher's register and records in connection with the said Tokio School; that the patrons of said school sent their children to the plaintiff (appellant) to be taught by her at Tokio School; and plaintiff (appellant) met said classes each school day, heard their lessons and proceeded in approximately the same way and manner as she had been doing prior to the correspondence between her and said parties . . ., the janitor serving said Tokio School fired the stove, swept the room, dusted the furniture and performed the same janitor service for the plaintiff (appellant) as he did for Mrs. French who was then teaching the fifth, sixth, seventh and eighth grades of said Tokio School; that Mrs. French was paid for her services therein as provided by her contract with said Tokio School, by the Marmaduke Special School District No. 2.''

It also appeared that after the Marmaduke School Board had notified appellant that she would not be compensated for services under her Tokio contract beyond the first month that she taught in the Tokio School, no further objections or steps were taken by the Marmaduke School Board. There appears to be no question here as to the validity of appellant's contract that she made with the Tokio School Distirct. When the Tokio District was by appropriate proceedings annexed to and became a part of the Marmaduke District, the latter district thereby assumed and became liable under our statutes for all contracts and obligations of the Tokio District. Such is the effect of the provisions of § 11489 of Pope's Digest: ''No construction shall be given to any part of this Act (Act 169 of 1931, as amended by Act 184 of 1935) that would result in impairing the obligations or any valid contract of any school district, nor hamper any creditors of a school district in remedies for the prompt collection of indebtedness or securities for the payment thereof, but all obligations of any school district in the State shall be regarded as assumed and performed by the district

to which such first mentioned district may be annexed, etc.''

It was the position of appellees below, and they argue here, that under appellant's contract with the Tokio School District, the Marmaduke School District, after consolidation, had the implied authority to require appellant to teach the same grades in the Marmaduke School that she was teaching at the Tokio School, and that since she refused to teach in the Marmaduke School contrary to the orders of the Marmaduke School Board, she breached her contract and was not entitled to be compensated for any services as teacher at the Tokio schoolhouse beyond the first month of the winter term.

Appellant insists, however, that just the contrary is true and that in any event, since she went ahead without further objection on the part of appellees and taught the remainder of the full six and three-quarters months term at the Tokio schoolhouse, appellees thereby ratified her contract, accepted her services and must pay therefor.

It is our view that this latter contention of appellant must be sustained and is controlling on the undisputed facts before us. That appellant was an efficient and competent teacher and her services worth $115 per month is unquestioned. Without further objection after the notice to her, *supra,* she proceeded to teach the four grades assigned to her under her Tokio contract at the Tokio two-room schoolhouse for the remainder of her contract term. The school patrons continued to send their children to her. She was furnished school supplies, janitor services, etc., in the same manner as was Mrs. French in an adjoining room. At the close of the term, promotion of pupils was duly made and reported to the proper official. The School Board accepted her services, received the benefits, and must pay therefor.

The principles of law announced in such cases as *School District No. 56* v. *Jackson,* 110 Ark. 262, 161 S. W. 153; *Dell Special School District No. 23* v. *Johnson,* 129 Ark. 211, 195 S. W. 373, and *Bald Knob Special School*

*District* v. *McDonald,* 171 Ark. 72, 283 S. W. 22, are controlling here.

In the former case, *School District No. 56* v. *Jackson,* a school teacher entered into a written contract to teach a twelve weeks' school at a salary of $35 per month. After having taught for seven weeks, she was notified by the School Board to stop teaching, that her contract was invalid. Upon receipt of the notice, she suspended teaching for two weeks and then resumed and taught the remaining five weeks of her contract. ''The directors refused to pay her for the five weeks taught by her after they had notified her to quit.'' She brought suit and secured a judgment for the five weeks' salary which she alleged to be due her under her contract. While holding that her contract was in fact invalid because signed by only two of the three school directors, the judgment in favor of the teacher was affirmed by this court on the ground that since the teacher, without further objection on the part of the School Board, after notifying her to stop teaching, had been permitted to finish out the term, there was a ratification of the contract with the teacher. It was there held: (Headnote 4) ''When a teacher under contract to teach, stopped the school at the order of the directors, and reopened the school in two weeks after learning that the directors gave the order, thinking the contract with her was invalid, she will not be held to have committed a breach of the contract, ''and in the body of the opinion, it was said: ''She was permitted to teach for seven weeks without any objection and, under these circumstances, we think there was a ratification of the contract made with her.''

Accordingly, the judgment is reversed and the cause remanded with directions to enter a judgment consistent with this opinion.

GRIFFIN SMITH, C. J., dissents.