FARELLY LAKE LEVEE DISTRICT *v.* HAMPTON.

5-1374                                    306 S. W. 2d 699

Opinion delivered November 11, 1957.

*George E. Pike,* for appellant.

*George O. Green,* for appellee.

SAM ROBINSON, Associate Justice.  In the year 1913, by a Special Act, the Legislature created the Farelly Lake Levee District of Jefferson and Arkansas Counties.  In 1928 the District was placed in receivership, due to the inability to meet its financial obligations. In 1938, while the District was still in receivership, the banks of the Arkansas River were caving and it became necessary to set the levee back to protect the property in the District.  The District had no money available to purchase the new right of way, and therefore the necessary land for a right of way was largely donated to

the District by those who owned the property on which the new levee would be located. Mr. E. P. Mahaffy, one of the owners of land across which the new levee would be built, refused to donate a right of way. In view of the emergency occasioned by the caving banks of the River, 24 landowners in the District contributed $4,483 to purchase the right of way across the Mahaffy property.

On the 25th day of May, 1955, the commissioners of the District adopted a resolution stating the circumstances of the contribution of money to acquire the right of way across Mahaffy's property, specifically pointing out that at the time the contributions were made it was understood by the property owners and the commissioners of the District that such landowners would be reimbursed when the District had the necessary funds, and the resolution authorized the president and secretary of the levee board to reimburse those who made the contributions in the first place.

This suit is to enjoin the District from repaying the right of way money to those who advanced it in 1938. The chancellor granted the injunction and the commissioners of the District have appealed. Appellants concede that the District was in receivership at the time the property owners put up the money to purchase the right of way, and that the commissioners had no authority to authorize the collection of such funds and no authority to agree at that time to repay it.

There is no contention that the receivers solicited the funds; from the testimony it is clear that the contributions were purely voluntary. Since the commissioners had no authority to borrow the money to purchase the right of way, they cannot now consider the money as a loan and repay it.

In *First Nat. Bank of Waldron* v. *Whisenhunt*, 94 Ark. 583, 127 S. W. 968, it is said:

"It is urged by appellant that the contract has been ratified by the receipt and use of the charts by the school district. But where a contract made by the directors of a

school district is invalid because it was beyond the scope of their powers, it cannot be ratified by acceptance.''

A contract invalid in the beginning for want of power to make it cannot be ratified. *Dell Special School Dist. No.* 23 v. *Johnson,* 129 Ark. 211, 195 S. W. 373.

The doctrine of ratification does not apply where there is a want of power in the public officer to make the original contract. 43 Am. Jur. 74.

In the case at bar the District was in receivership; the commissioners had no power or authority whatever to make any agreement with reference to the purchase of a right of way for the District. Hence, they have no authority to ratify such agreement.

Affirmed.

HARRIS, C. J., disqualified and not participating.