MODENE ROBBIE FARRIS *v.* STONE COUNTY SCHOOL DISTRICT No. 1

5-5131                                       450 S. W. 2d 279

Opinion delivered February 9, 1970
[Rehearing denied March 16, 1970.]

*N. J. Henley,* for appellant.

*David Hodges,* for appellee.

LYLE BROWN, Justice. The appellant school teacher, Modene Farris, having been discharged before the expiration of her teaching contract, was unsuccessful in her suit to recover from the school district the balance which she would have ordinarily drawn under the contract. On appeal she alleges that the trial court erred in refusing to grant her an instructed verdict against appellee, Stone County School District No. 1, she having been discharged by the principal who acted under authority given by two members of a five-member board.

Stone County School District No. 1 has three schools in its area, Rural Special, Timbo, and Fifty-six.

The district has five school directors. During the period in which this litigation developed two of the directors resided in the Rural Special area, two others in Timbo, and one in Fifty-six. With respect to the employment and discharge of teachers, District No. 1 operated under an unusual custom. If a given school in the district needed a teacher, the director or directors who resided in that district would, along with the particular principal, recommend an applicant to the entire board and that applicant would be awarded a contract; if the services of a teacher, for example at Timbo, became unsatisfactory, the principal and the two directors residing in Timbo would discharge that teacher without referring the matter to the whole board.

Appellant's contract with Rural Special, in proper form on its face, was for a ten months' period, from November 1, 1967, through June 30, 1968, at a salary of $410 per month. She was discharged by oral notice from the principal on March 29. The important facts surrounding her discharge are undisputed and brief. On March 28 there was a function at the school gymnasium conducted by the senior class. The following day, it was reported to the principal of Rural Special that appellant was guilty of improper conduct toward a school patron. After a conference the same day with the two board members living in Rural Special, the principal called appellant in his office and notified her that she was discharged. It is undisputed that the act of discharge was the decision of the two board members, based on the principal's recommendation; there was no consultation with any of the other board members. Another teacher took over appellant's duties the following Monday. It is also clearly shown that the full board never considered the matter until May 31. On that date appellant appeared and asked the board to pay her for the time she had lost. The minutes show the response to have been that they would consider the matter and contact appellant later.

Appellant contends that the action of the two board

members in ordering her discharge was invalid and we agree. We have many times held that contracts with teachers may not be binding on the district when they are executed other than in a duly convened meeting of the board. *School District No. 56* v. *Jackson,* 110 Ark. 262, 161 S. W. 153 (1913). We think the same rule of solemnity should apply with respect to the cancellation of a teacher's contract. The sound reason for the rule is stated in *School Dist. No. 22* v. *Castell,* 105 Ark. 106, 150 S. W. 407 (1912):.

> The manifest purpose of the school law in providing for a board consisting of three members is to obtain the advantage of the counsel of three directors at a meeting for transacting the school district's business. The fact that the testimony in this case shows there had been a general understanding or agreement between the directors of this school district that two of them could act in the absence of the third and without prior notice to him of a meeting for such action would not meet this requirement of the statute. Such an agreement or custom would simply lead to the encouragement of a neglect of and failure upon the part of one of the directors to perform his duty, for which a penalty is prescribed by our statute.

Appellee argues that the evidence established jury questions as to (1) appellant's misconduct, (2) whether appellant had a valid teacher's license, and (3) whether the board did in fact meet and discharge appellant. We have carefully scrutinized the record and find it crystal clear that the full board never took any action with respect to appellant's discharge. It is only by taking testimony out of context that a contrary conclusion can be reached. Appellant appeared before the board on May 31 and asked for wages lost. Inferentially, school had then been dismissed for the summer. After appellant departed, so one board member testified, the board authorized the members from Rural Special to decide whether to pay appellant. It is argued that the

board's action was a ratification of her discharge but that meager action was taken after the school session had expired and her teaching duties were ended. The county superintendent of schools testified that appellant was legally qualified to teach, testifying without objection that the records in his office and those in the office of the State Board of Education so reflected. There was no testimony to the contrary. Finally, with respect to alleged misconduct: The cause was not submitted to the jury on the theory that irrespective of the illegality of her discharge, appellant could not recover if she breached the contract. In fact there was no request for such a submission. Additionally, appellee did not plead breach of contract.

Appellant's motion for an instructed verdict should have been granted and judgment entered for her April, May, and June salary. On remand the trial court is directed to enter judgment accordingly.

Reversed and remanded.