PLACE v. THE DISTRICT TOWNSHIP OF COLFAX.

56  573
88  577

1. **Schools:** TEACHER'S CONTRACT: WHEN NOT ENFORCEABLE. No recovery can be had on a contract to teach school, made with a subdirector but not approved by the president of the board, unless such approval has been waived and the contract ratified by the district; the fact that the teacher proceeds thereunder and completes the performance of the contract is not sufficient to constitute such ratification and authorize a recovery. ADAMS, J., *dissenting.*

*Appeal from Grundy District Court.*

WEDNESDAY, OCTOBER 5.

ACTION to recover for services in teaching school in subdistrict No. 4, in the defendant district township. Trial by jury and verdict and judgment for the plaintiff for the amount claimed. The defendant appeals.

*Rice & Foster,* for appellant.

*Rea & Smyth,* for appellee.

ROTHROCK, J.—On the 21st day of March, 1879, the plaintiff entered into a written contract with one B. Mayer,

1. SCHOOLS: teacher's contract: when not enforceable.

subdirector of subdistrict No. 4, whereby she agreed to teach the school in said subdistrict for the term of twelve weeks, commencing April 7, 1879. On that day she commenced teaching and taught the full term. The defendant refuses to pay for her services because the written contract entered into between her and the subdirector never received the approval of the president of the board of directors.

The power to make contracts employing teachers is vested in the subdirector of the subdistrict, and all such contracts made in accordance with the provisions of the law shall be approved by the president of the board. Code, § 1753. It becomes the duty, then, of the president of the board to determine whether the contract conforms to the provisions of

the law, and to give or withhold his approval according as he shall find the fact to be. *Thompson v. Linn*, 35 Iowa, 361. If he should determine to withhold his approval, although erroneously, the written contract would be incomplete, and in advance of anything being done under the contract no action could be maintained thereon. *Gambrell v. District Township of Lenox*, 54 Iowa, 417. Where, however, the teacher has in good faith performed the contract in the absence of any objection on the part of the district, or there has been part payment for the services rendered, or there have been other acts upon the part of the district evincing an intention to ratify the contract and waive its formal approval by the president of the board, an action may be maintained, and the teacher may recover for the services rendered. *Athearn v. The Ind. Dist. of Millersburg*, 33 Iowa, 105; *Connor v. Dist. Township of Ludlow*, 35 Id., 375; *Cook v. Ind. Dist. of North McGregor*, 40 Id., 444.

Among other instructions given by the court to the jury we find the following:

"10. If you find that the plaintiff entered into the contract with the subdirector, and you further find that she performed her contract, that there was no legal objection to her teaching, she is entitled to her pay, and you should so find and return your verdict for her for the amount of the value of her services under the contract."

In the twelfth paragraph of the charge the jury were instructed in substance that if the president of the board neglects to approve the contract, and the person employed performs the same, the teacher should not be deprived of compensation for services rendered.

These instructions are independent propositions, and are in no manner qualified by any other instructions in the case. The facts were that the president refused to approve the contract because of certain objections made to the plaintiff as a teacher. Before the plaintiff commenced to teach the president of the board gave her notice that he would not approve

the contract. The instructions above set out are erroneous because they entirely ignore the question as to whether or not the services of the plaintiff were accepted, and the contract ratified by the district township. Under these instructions the plaintiff could recover in defiance of the district board, and no protest nor objection would be of any avail, provided she was not forcibly ejected from the school-house but continued to teach therein for the term provided for in the contract. That such is not the law is abundantly established by the authorities above cited, in all of which in addition to the performance by the teacher there was part performance by the district by the payment for part of the services rendered. We have no disposition to disturb the rulings heretofore made on this question. If we were to adopt the rule of the instructions above quoted it would enable a subdirector to employ a teacher against the consent of the patrons of the school, against the protest of the board of directors, and authorize a recovery for services rendered with a knowledge that the omission to approve the contract was not mere oversight and inadvertence, but intentional and with the purpose that it should not be ratified.

II. The amount in controversy as shown by the pleadings was less than $100. Some question is made by counsel for appellee as to whether or not the certificate authorizing the appeal is sufficient to confer jurisdiction upon this court. It appears to us to be sufficient. It especially refers to the case as contained in the instructions above discussed.

REVERSED.

ADAMS, CH. J., *dissenting*.—The defendant school district, after it has had the benefit of the plaintiff's services as a teacher, seeks to avoid paying her upon the technical ground that she taught without a written contract. But I am unable to conclude that under the statute, and the decisions of this court made thereon, the defense can be sustained. It is true, if there was only an oral contract no right of action would

accrue thereon by reason of a mere offer to perform.  *Gambrell v. District Township*, above cited.  But it is equally true that there may be a recovery where the contract has been performed, though the same was not in writing.  *Athearn v. Independent District*, and other cases above cited.  But it is said that this is so only where the services are accepted and the contract ratified by the school district; and the instructions given allowing a recovery in this case are held by the majority to be erroneous because the right of recovery was not expressly conditioned upon acceptance and ratification by the school district.  The right of recovery was conditioned upon the performance of the contract by the plaintiff, and the absence of all legal objections to her teaching.  Now I am not prepared to say that mere performance and absence of legal objections would show acceptance and ratifaction by the school district.  But the undisputed facts in this case are that the plaintiff was told by the subdirector to proceed and perform her contract, notwithstanding it was not in writing, and she did proceed with his knowledge and approval.  He alone had power to contract in behalf of the school district, and he alone had the control and management of the school house.  Code, § 1753.  The school district, then, through him, as its legally constituted officer, gave her possession of the school-house until she should perform her contract.  I think that the action of the subdirector as shown by the undisputed evidence must be taken as evincing acceptance by the school district of the plaintiff's services.  If so, the instructions were not prejudicial even though they might, and perhaps should, properly, have been more explicit.

The objection made by the majority of the court to the instructions that the rule held by them would enable a subdirector to employ a teacher against the consent of the patrons of the school, and against the protest of the board of directors, is not to my mind valid.  The law does not give the power to employ a teacher to the patrons of the school nor to the board of directors, nor does it make their consent necessary.

The subdirector, who alone is vested with the power to employ a teacher, may properly enough in the exercise of his discretion have some deference to the wishes of the patrons of the school, and possibly to the wishes of his co-directors. But in the absence of any rules or restrictions imposed upon him by the board, his judgment must in contemplation of law be his sole guide.

When he has employed a teacher it is to be presumed that his judgment has been properly exercised; and when a written contract has been drawn and signed by both subdirector and teacher it becomes the imperative duty of the president to approve and file it, if it conforms to the law and rules of the board. *Thompson v. Linn*, above cited. It is not for the president to exercise the slightest judgment in regard to the person employed, nor take any one's opinion in regard to the person. The difficulty in this matter commenced by the president's listening to objections made against the plaintiff by certain persons who were opposed to her, and by his wrongfully and unlawfully making such objections the ground of his refusal to approve the written contract.

The majority opinion seems to proceed upon the theory that he is vested with a discretion, in order to protect the school district against the employment of an unsuitable person. But that is evidently not the theory of the law. His approval pertains to a different subject. If the president had performed the duty in this matter imperatively devolved upon him by the law he would have approved the contract. There were no legal objections to it so far as I can discover. If he had approved it as he should have done there would not have been any additional guaranty to the plaintiff's qualifications. But the law afforded ample protection against a want of qualifications. There is no ground for complaint in this respect.

My view of this case is that certain disaffected individuals sought by an irregular and unauthorized way to defeat the

subdirector's lawful selection of a teacher. Having failed in that they now seek to deprive her of her pay.

The harmony of school districts, the prosperity of the schools, the feeling of good neighborhood, all require that school officers should be kept strictly within the line of their duty, and that no one should be allowed to make any unlawful interference therewith.

I think that the plaintiff was entitled to recover, and I see no prejudicial error in any ruling by which recovery was had.