HILL v. CITY OF INDIANAPOLIS.

(Circuit Court, D. Indiana. March 18, 1899.)

No. 9,672.

1. MUNICIPAL CORPORATIONS—RATIFICATION OF UNAUTHORIZED CONTRACT.

A city council having authority to enter into a contract, or to authorize its board of public works to enter into it, on behalf of the city, may legally ratify such a contract made by the board without previous authority,—the performance of the contract by the second party being a sufficient consideration,—and a ratification is equivalent to authority originally given, and renders the contract valid from its date.

2. SAME—ACTION TO ENFORCE CLAIM AGAINST—EFFECT OF INJUNCTION AGAINST OFFICERS.

An injunction against officers of a city restraining them from paying a claim, issued in a suit to which neither the city nor the owner of the claim is a party, constitutes no defense by the city to an action against it on the claim.

On Demurrer to Answer.

Morris, Newberger & Curtis, for plaintiff.
John W. Kern and J. E. Bell, for defendant.

BAKER, District Judge. The plaintiff, who is a citizen of the state of Ohio, brings this suit against the defendant, a municipal corporation created under the laws of this state, to recover for certain services rendered to the city by him as an expert engineer, in the examination of the waterworks located in the city, belonging to a private corporation, under a contract entered into by the board of public works of said city and the plaintiff. The common council of the city possesses the unquestioned power, under the charter of its organization, to contract for the services which the plaintiff rendered; but it is insisted by the answer that the defendant was employed by the board of public works of the city, without any previous authority conferred upon it to represent the city in making the contract of employ-

ment.   By Rev. St. Ind. 1894, § 3830, the board of public works of this city possesses, among other things, the following powers:

"The board of public works shall have power * * * to purchase or erect, by contract or otherwise, and operate water works, gas works, electric light works, street car and other lines for the conveyance of passengers and freight, natural gas lines, telephone and telegraph lines, steam and power houses and lines for the purpose of supplying such city and the suburbs thereof, or to purchase or hold a majority of the stock in corporations organized for either of the above purposes, provided that none of the powers conferred by this paragraph shall be exercised except in pursuance of an ordinance specifically directing the same."

This grant of power unquestionably conferred upon the board of public works, provided an ordinance therefor had been previously enacted, power to do all acts and things properly and necessarily incidental to the purchase by the city of the waterworks in question. And it is equally clear that an examination into the physical condition and value of such a plant as the waterworks of Indianapolis was so indispensable to an intelligent negotiation for its purchase that to dispense with it would have subjected the officers to well-merited criticism.   The common council of the city had, previously to the employment of the plaintiff by the board of public works through its city engineer, adopted an ordinance by which it directed that the mayor and the board of public works should enter into communication with a representative of the waterworks company and its stockholders for the purpose of procuring from them a definite and specific proposition looking to the purchase of the waterworks plant from the Indianapolis Water Company.   The passage and existence of this ordinance prior to the employment of the plaintiff is alleged in the complaint, and expressly admitted in the answer.   The board of public works, improperly assuming that this ordinance conferred upon them authority to employ the plaintiff, who is an experienced consulting engineer for waterworks and sewerage, by written correspondence set out in the complaint, and admitted in the answer, entered into a contract with him to make an examination, and report upon the physical condition, the cost of reproduction, and the present valuation of the property of the Indianapolis Water Company, agreeing to pay the plaintiff for his services at the rate of $50 per day.   The plaintiff, in pursuance of this contract, and with the knowledge of the city, entered upon its performance, and performed work and labor for the city of the aggregate value of $2,440.   The answer admits the rendition of the services, and that their value is as stated.   It is alleged in the answer that, at the time the board of public works entered into said contract, the charter of the city, in section 51, provided as follows:

"No executive department, officer or employé thereof, shall have power to bind such city by any contract, agreement or in any other way to any extent beyond the amount of money at the time already appropriated by the ordinance for the purposes of such department, and all contracts or agreements, express or implied, and all obligations of any and every sort beyond such existing appropriations are declared to be absolutely void."

Facts are alleged in the answer which it is claimed show that there was no appropriation existing at the time for the payment of the plain-

tiff's services. It is by no means certain that the facts stated in the answer show that there was no existing appropriation for such services. But, assuming that there was no existing appropriation, still the demurrer to the answer must be sustained. The board of public works had jurisdiction of the subject-matter of purchasing the waterworks, and necessarily had jurisdiction of all incidental inquiries necessary to make a contract understandingly for such purchase. This would necessarily impose upon the board the duty of ascertaining the character, extent, and physical condition of the waterworks plant, the cost of its reproduction, and the present value of the plant. All that was required by the statute to authorize the board of public works to enter upon the performance of these duties was the adoption of an ordinance by the common council of the city directing it to proceed. The board, without such specific authorization previously granted to it by ordinance, assumed, by virtue of the ordinance above referred to, that it had been so authorized, and in behalf of the city it entered into the contract with the plaintiff for the services which he thereafter rendered. After the services had been rendered, the common council of the city, on the 19th day of December, 1898, adopted an ordinance making a specific appropriation for the payment of the claim of the plaintiff, and set apart specific funds for that purpose. This ordinance amounts to a ratification, if the act of the board in behalf of the city is capable of ratification by the common council. The question presented, then, is simply this: Is the ratification by the common council of the city, of an act done by one of its executive boards for and on behalf of the city, but without previous authority, a binding ratification of the previous invalid contract made by the board of public works? On this question there can be no doubt.

"Ratification, as it relates to the law of agency, is the express or implied adoption of the acts of another by one for whom the other assumes to be acting, but without authority, and such ratification as effectually establishes the duties, rights, and liabilities of the parties as if the acts ratified had been fully authorized in the beginning." 1 Am. & Eng. Enc. Law, p. 1181, and the numerous authorities there cited.

Here the common council had the undoubted authority to have employed the plaintiff to render the services which he did render, if it had chosen to do so. It had the power to authorize the board of public works, in behalf of the city, to enter into a contract for such services. The board of public works professed to make the contract in suit on behalf and by virtue of the authority of the city. It is the case of one professing to contract for and in the name of another. Of course, the contract, being unauthorized, is not binding unless the principal ratifies it. Ratification is, in general, the adoption of a previously formed contract, notwithstanding the vice that rendered it relatively void. By the very nature of the act of ratification, the party ratifying becomes a party to the original contract. He that was not bound becomes bound by it, and entitled to all the proper benefits of it. He accepts the consideration of the contract as a sufficient consideration for adopting it, and this is quite enough to support a ratification. It follows that the contract, having been ratified by the common council of the city, becomes binding upon it

from the date that it was improvidently entered into by the board of public works, and is just as conclusive and binding upon it as though it had been made by the previous authorization of the board of public works to make it. Omnis ratihabitio retrotrahitur et mandato priori æquiparatur. Of course, the principle of ratification does not apply where the act sought to be ratified is ultra vires the powers of the corporation. But this is not such a case.

It is further alleged, as a ground of defense in the answer, that one John H. Crall, by proceedings duly had in the Marion superior court, has obtained an injunction against the board of public works and the members thereof, and against the comptroller and treasurer of the city, enjoining and restraining them from drawing any warrant for the indebtedness due the plaintiff, as well as from making any payment of the claim or of the warrant issued therefor. The plaintiff in this case is a stranger to that litigation, and his right to maintain this suit is in no manner affected thereby. Neither the plaintiff nor the city in its corporate capacity is a party to such litigation, and it would be strange indeed if an injunction issued in a suit to which both the plaintiff and defendant in this case are strangers should in any wise affect the rights or liabilities of either. There is nothing in this ground of defense. The answer admits all the material averments of the complaint, and sets up nothing in avoidance or bar of the plaintiff's claim. It therefore follows that the demurrer to the answer must be sustained, and, unless within 10 days herefrom an amended answer is filed, judgment will be entered for the plaintiff for want of an answer. So ordered.