## FENNELL et al. v. LANNOM.

No. 4423.    Opinion Filed May 18, 1915.

(149 Pac. 144.)

1.    SCHOOLS AND SCHOOL DISTRICTS—Joint District—Dissolution. A joint school district, composed of a portion of two or more counties, cannot be legally dissolved, by the county superintendent of one of the counties by meeting in the district with a number of the male inhabitants thereof, and by vote or consent declare such district dissolved.

2.    SCHOOLS AND SCHOOL DISTRICTS—Teacher's Contract—Validity—Estoppel. Where the members of a joint school district meet outside of the district and informally discuss the employment of a teacher, but substantially agree upon such employment and pursuant thereto, two of the board, the director and the secretary, sign a contract of employment, the third member, the treasurer, thereafter refusing to sign such contract, for undisclosed reason, and where the teacher enters upon her duties and teaches for a term and is recognized by the execution, delivery, and payment of a monthly warrant for the time taught, the treasurer of such board, under such facts, is estopped from contesting the validity of the contract.

(Syllabus by Watts, C.)

*Error from County Court, Carter County;*

*M. F. Winfrey, Judge.*

Action by Myrtle Kimbrell Lannom against H. J. Fennell and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Johnson & McGill,* for plaintiff in error.

*Champion & Champion,* for defendant in error.

WATTS, C. This is an action commenced in the county court of Carter county, May 5, 1911, where judgment was rendered in favor of defendant in error, and plaintiffs in error appeal. We will refer to them as they appeared in the trial court. The evidence substantially shows that plaintiff was a school-teacher, and the district comprised a portion of Carter and Stephens counties, the greater portion of the district being in Carter county, the schoolhouse being in Stephens county; that defendant Fennell was treasurer of the school district, and the other defendants were sureties on his bond; that B. D. Peddycoart and L. F. McCullom lived in that portion of the district in Stephens county, and H. J. Fennell lived in that portion of the district in Carter county and were director, clerk, and treasurer respectively of the consolidated school district and constituted the school board.

A written contract to teach school was entered into September 7, 1910, whereby the plaintiff agreed to teach a five months school, beginning December 1, 1910, at $75 per month, which was signed by plaintiff, Peddycoart, and McCullom. Fennell declined to sign the contract because it did not contain a provision which he says he and the other two members agreed should become a part thereof. Plaintiff taught school until January 4, 1911, on which date the schoolhouse was destroyed by fire. Plaintiff was given

warrant for first month's service which was paid by Fennell, the treasurer, upon advice of the county superintendent, but declined to pay warrants for succeeding four months aggregating $300. After the schoolhouse burned and from time to time Peddycoart and McCullom required plaintiff to hold herself in readiness to teach, saying the house would be rebuilt; in fact, she was never discharged, nor did she seek other employment.

It appears, further, the board met at Tussy, Carter county, which was not within the consolidated district, and discussed employing the plaintiff. The plaintiff was not present; the employment being agreed upon, according to defendant Fennell, provided the contract contained certain conditions, which are not disclosed by the evidence, which he says the other two members agreed should become a portion thereof, but was not placed therein. Peddycoart and McCullom say the contract of employment was agreed upon, and was subsequently signed by them and the plaintiff; but defendant Fennell refused to sign because the contract did not contain certain restraints upon plaintiff.

After the fire, and on February 13, 1911, about 25 or 30 men, together with the county superintendent of Carter county, met in the district. Some of the witnesses claim the meeting was for the purpose of agreeing upon a new building, while others claim it was for the purpose of dissolving the district. It does not appear that any notice of the purpose of the meeting was posted, nor the number of votes in the district, or the per cent. of those present entitled to participate in the meeting, and if any minutes were taken the evidence does not disclose it. The official board was present, but did not act in their official capacity, but seem to be there as other citizens. Either by consent or vote of those present the county superintendent announced the district dissolved, or that he could get it dissolved later on. It further appears that Peddycoart and McCullom, as director and secretary, after the house burned continued to issue warrants to plaintiff in payment

of her monthly salary; that Fennell either declined to meet, or never knew of further official meetings of the board; that the warrants were issued not by virtue of official direction or a monthly board meeting, but rather as a matter of clerical routine duty, not dependent upon specific joint action by the whole board.

There was evidence that the secretary, McCullom, at the date of his election, was not a qualified elector, for the reason that he had not resided in the district the required time; but it appears that he was thereafter, on January 3, 1911, appointed by the county superintendent as secretary of the board, which seems to cure the defect, if one existed.

It is admitted that at the institution of this suit and date of judgment defendant Fennell had in his hand funds sufficient to pay plaintiff's demands, which the county superintendent advised him to hold. After the conclusion of the evidence the court refused to instruct a verdict for defendant, but instructed a verdict for the plaintiff to which defendant excepted, filed motion for new trial which was denied, and assigns 14 alleged errors.

Defendants say the court erred in directing a verdict against them, which was their sixth assignment of error, and as other assignments are involved therein, they will be discussed under one head, and the judgment should be reversed for the following reasons:

"First.   Because at the time the suit was brought the school district had been dissolved, and the parties liable, if any, were the school districts succeeding it.

"Second:   Because all the warrants sued upon, except No. 22, were illegally issued after the dissolution of the school district, and were null and void.

"Third..   Because the contract to teach held by the defendant

in error was not authorized or executed by the school board, and the warrants sued upon were not authorized by the school board."

Comp. Laws 1909, provides:

"Sec. 8080. District in More Than One County—How Formed—Procedure.—When it shall become necessary to form a school district lying partly in two or more counties the county superintendents of the counties in which the said tract of country shall be situated when application shall be made in writing to any one of them by five householder residents therein, shall if by them deemed necessary, meet and proceed to lay off and form the same into a school district, issue notices for the first district meeting, and shall file the proper papers in their respective offices, and such district so organized shall be designated joint district No. ——, counties of ——, and the boundaries of such district shall not be altered except by the joint action of the superintendents of the several counties represented in said district: * * * And provided further that each joint district, except in matters relating to the alteration of the boundaries thereof shall be under the jurisdiction and control of the superintendent of that county represented in such district having the largest amount of territory embraced within the boundaries of such joint district."

Under the section quoted the formation of a joint district from portions of two or more counties seems plain, but its dissolution leaves us in much doubt. A good illustration of "together the light is unto us, divided all is darkness and confusion, even the teachers, wise men and rulers know not what." It seems boundaries may be altered, but the language is not broad enough for dissolution. *Wiedwall v. Dodson,* 95 Cal. 450, 30 Pac. 580.

(*Id.*) "Sec. 8176. Laws Applicable.—In all matters relating to consolidated school districts, not provided for in this act, the law relating to school districts shall be in force where said laws are applicable."

(*Id.*) "Sec. 8169. Voters—Meeting of.—Meetings of the voters of any two or more adjacent school districts may be called in their respective districts for the purpose of voting on the prop-

osition of uniting with the other said adjacent districts for the purpose of establishing a consolidated school, said call to be made in the same manner as provided by law for the calling of special district meetings. If a majority of votes cast in each of said districts shall be in favor of such consolidation, then the clerk of each of said districts shall thereupon make a written report of such action to the county superintendent of the county in which said districts are located. The vote in each district shall be made conditional upon its carrying in all of said districts; provided, that unorganized territories and legally organized school districts containing a school population of one hundred persons or more may organize under the provisions of this Act."

(*Id.*) "Sec. 8170. County Superintendent shall Declare Districts Disorganized.—The county superintendent shall upon receipt of the reports as provided in section 8169, declare said districts disorganized and shall form a consolidated district composed of the several districts voting to unite, and he shall designate a time and place for the meeting of the voters of * * * said districts so disorganized for the purpose of electing officers and completing the organization of said consolidated district. He shall give notice of said meeting by posting written or printed notices, stating the time, place and purpose of said meeting in at least three public places in each of the disorganized districts not less than ten days prior to the time of meeting; provided, that in the formation of consolidated districts comprising territory lying in more than one county, the county superintendent of said counties shall act together in the same manner as provided by law in the formation and control of joint districts, and at said meeting of the voters of the newly organized school district, shall select a building site, as near the center of population of such consolidated district as practicable."

The four sections mentioned appear to be the only authority for dissolving a joint district, and plainly cannot be made applicable to joint districts composed of a portion of two or more counties. It seems to us the only relief is to the Legislature. Corporations as a rule, are powerless to dissolve, unless the law so authorizes. *State v. Dunson*, 71 Tex. 65, 9 S. W. 103. Where an attempted dissolution is void, acquiescence and lapse of time

are not sufficient. *Largen v. State,* 76 Tex. 323, 13 S. W. 161. Therefore there being no dissolution of the school district, we must hold against defendant on the first and second propositions.

On the third proposition it cannot be said under the facts in the case that the plaintiff's contract was not authorized or executed. By permitting her to enter upon her duties to teach for a period of time, and paying her therefor, was a full recognition and acquiescence of any informality or defect in the contract.

"(V.) Ratification and Estoppel.—An unauthorized contract with a teacher may be ratified by those having authority to do so, either expressly or by acts recognizing the employment, as by partly performing the contract, making payments for services, accepting its benefits, and the like. A contract of employment entered into by a school board, which is invalid by reason of some defect in the execution thereof, may be ratified by the board, as by recognizing the person acting under such contract as teacher, and paying him his salary." 35 Cyc. 1085.

Neither do we think it material under the facts that the warrants were not issued by virtue of specific direction of the school board while in session. The contract became and was the real right of action under which plaintiff was entitled to win or lose.

We think the trial court was within the law in instructing a verdict against the defendant. Therefore, finding no error, we recommend that the case be affirmed.

By the Court: It is so ordered.