(November 18, 1919.)

SCHOOL DISTRICT No. 15, IN THE COUNTY OF FREMONT, STATE OF IDAHO, upon the Relation of W. G. BAIRD, Appellant, v. HARRIET C. WOOD, CLAY HARSHBARGER, P. O. MARTIN and MAYME GAILEY, Respondents.

[185 Pac. 300.]

SCHOOLS AND SCHOOL DISTRICTS—BOARD OF TRUSTEES—POWERS OF—CONTRACTS WITH TEACHERS—RATIFICATION—STATUTORY CONSTRUCTION.

1.   The proviso of subd. (g), sec. 58, chap. 159, 1911 Sess. Laws, as amended by sec. 9, chap. 115, 1913 Sess. Laws, "That no trustee shall be pecuniarily interested directly or indirectly in any contract made by the board of trustees, of which he is a member, and any contract made in violation of this section is null and void," was intended by the legislature to render void only such contracts made by the board as some member or members thereof are pecuniarily interested in, directly or indirectly.

2.   The object of the provision of sec. 58, *supra,* authorizing boards of trustees to employ teachers on written contract and providing that "before such contract can be legally signed it shall be the duty of the teacher to exhibit his or her certificate or permit to teach to the board of trustees," was to guard against the employment of teachers not holding certificates or permits to teach.

3.   When all of the pertinent provisions of sec. 58, *supra,* are construed together, it cannot be said that the act has expressly prohibited the employment of teachers except upon written contract, nor has it expressly provided that a contract to teach other than a

written contract is void, neither does the statute expressly authorize the employment of teachers except upon written contract.

4.   An unauthorized contract with a teacher may be ratified by those having authority to contract, either expressly or by acts recognizing the employment, as by partly performing the contract, making payments for services, accepting its benefits, and the like.

[As to right of school teacher to compensation as dependent on validity of contract or appointment, see note in **Ann. Cas.** 1913C, 372.]

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. James G. Gwinn, Judge.

Action to recover from the trustees and county superintendent money paid to teachers of the public schools employed upon oral contracts.   Judgment for defendants.   *Affirmed.*

C. Redman Moon and Hargis & Swanson, for Appellant.

A teacher cannot recover for services rendered under an oral contract, either on the oral contract or *quantum meruit,* when the statute requires the contract to be in writing. (*Leland v. School Dist. No. 28,* 77 Minn. 469, 80 N. W. 354; *Langston v. School Dist. No. 3,* 121 Mich. 654, 80 N. W. 642; *Hutchins v. School Dist. No. 1,* 128 Mich. 177, 87 N. W. 80; *Lee v. York School Tp.,* 163 Ind. 339, 71 N. E. 956.)   The plea of ratification of a contract made in violation of a statute is of no avail unless the acts relied upon for ratification would be sufficient to support a contract as an original matter. (*Moore v. Hupp,* 17 Ida. 232, 105 Pac. 209; *Chippewa Bridge Co. v. City of Durand,* 122 Wis. 85, 106 Am. St. 931, 99 N. W. 603.)

N. D. Jackson, for Respondents.

Prohibited contracts are not aided by written evidence, while oral contracts, where the writing is required, are enforced by reason of performance or part performance. (*Deeds v. Stephens,* 8 Ida. 514, 69 Pac. 534.)

The doctrines of ratification and estoppel apply to municipal corporations as well as individuals. (*Moore v. Hupp et al.*, 17 Ida. 232, 105 Pac. 209; *Athearn v. Millersburg Independent Dist.*, 33 Iowa, 105; *Conner v. District Tp.*, 35 Iowa, 375; *Cook v. North McGregor Independent School District*, 40 Iowa, 444; *Jones v. School District*, 7 Kan. App. 372, 51 Pac. 927; *Graham v. School District*, 33 Or. 263, 54 Pac. 185; *School District v. Stone*, 14 Colo. App. 211, 59 Pac. 885.)

Where the service is rendered without objection, accepted by the school district, payment or part payment of salary or evidence of other facts tending to show an intention on the part of the district or its qualified officers to treat the parol agreement or informal contract as one binding on the district, supply the lack of the formal writing and bind the district to a performance of the terms of the contract. (*Hoyt v. Thompson's Exr.*, 19 N. Y. 207; *Scott v. First Methodist Church*, 50 Mich. 528, 15 N. W. 891.)

BUDGE, J.—This is an action by School District No. 15 of Fremont county, upon the relation of W. G. Baird, against the trustees of the district and the county superintendent, to recover money paid to teachers of the public schools of the district, because no written contract had been entered into with such teachers.

The material part of the answer alleges:

"That said certificates and orders for warrants were drawn, signed and issued . . . . in payment for services performed . . . . as a teacher in the school in said district, that such services were performed by said teacher pursuant to a contract previously entered into by and between said teacher and said school district, that they were so performed without objection or protest from any source, that said contract was in all respects ratified and confirmed by the said school district by accepting the services of said teacher and paying the contract price for the services so performed and that said school district is now estopped from denying its liability to pay for said services."

The trial court overruled a demurrer to the answer, and appellant, declining to proceed further, judgment was thereupon entered dismissing the action. This appeal is from the judgment.

The only specification of error is that the court erred in holding the answer sufficient in law. There is no contention that the teachers were not qualified nor that they did not hold certificates or permits to teach. The sole contention is that since the contracts were not in writing, they were illegal and void, and therefore could not be ratified, and that respondents having expended the funds of the district on void contracts, did so without lawful authority and are legally bound to refund to the district the moneys so unlawfully expended.

It is urged by appellant that subdivisions (a) and (g) of sec. 58, chap. 159, 1911, Sess. Laws, as amended by sec. 9, chap. 115, 1913 Sess. Laws, p. 434, at 442, render the oral contracts void.

Subd. (a) provides that it shall be the duty of the trustees of each district:

"(a) To employ teachers on written contract, but before such contract can be legally signed it shall be the duty of the teacher to exhibit his or her certificate or permit to teach to the board of trustees, and it shall be the duty of the trustees to file a copy of such contract or permit with the county superintendent."

The portion of subd. (g) relied upon is the last proviso thereof, which is as follows:

"*Provided:* That no trustee shall be pecuniarily interested directly or indirectly in any contract made by the board of trustees, of which he is a member, and any contract made in violation of this section is null and void."

It is insisted that this proviso renders a contract made in violation of any portion of sec. 58 null and void. It is apparent from the proviso and from the subject matter of the entire section that it was the intention of the legislature to render void only such contracts made by the board as some member or members thereof are pecuniarily interested in,

directly or indirectly. The principle expressed in this limitation runs through all the law of the state relative to municipal officers.

It is argued that the language of subd. (a), *supra,* specifically limits the authority of the board of trustees to employ teachers on written contracts, and much stress is laid upon the provision: "before such contract can be legally signed it shall be the duty of the teacher to exhibit his or her certificate or permit to teach to the board of trustees." The intent of the legislature is plain, and the object of the subdivision was clearly to guard against the employment of teachers not holding certificates or permits to teach. The importance of the provision rests not in the language providing for a written contract, but in the language last above quoted, providing that it cannot be legally signed until the certificate or permit to teach is exhibited. As already observed, there is no contention that the certificates or permits to teach were not exhibited, and it follows from this that it cannot be successfully urged that contracts with these teachers could not have been legally signed. Properly construed the subdivision limits the authority of the board of trustees to employ only such teachers as exhibit their certificates or permits. Subd. (b) of the same section makes it the duty of the trustees "to fix, allow and order paid the salaries and compensation of such teachers." Construing all of the pertinent provisions of sec. 58, *supra,* together, it cannot be said that the act has expressly prohibited the employment of teachers except upon written contract, nor has it expressly provided that a contract to teach other than a written contract is void, neither does the statute expressly authorize the employment of teachers except upon written contract, but it has been held that:

"An unauthorized contract with a teacher may be ratified by those having authority to do so, either expressly or by acts recognizing the employment, as by partly performing the contract, making payments for services, accepting its benefits, and the like. A contract of employment entered into by a school board, which is invalid by reason of some defect in the execution thereof, may be ratified by the board,

as by recognizing the person acting under such contract as teacher, and paying him his salary." (35 Cyc. 1085; *Athearn v. Millersburg Independent Dist.*, 33 Iowa, 105; *Cook v. North McGregor Independent School Dist.*, 40 Iowa, 444; *Place v. Colfax Dist. Tp.*, 56 Iowa, 573, 9 N. W. 917; *Fennell v. Lannom*, 46 Okl. 519, 149 Pac. 144, quoting with approval the above quotation from Cyc; *School District No. 56 v. Jackson*, 110 Ark. 262, 161 S. W. 153; *Watkins v. Special School District of Lepanto*, 122 Ark. 611, 183 S. W. 168; *School District v. Hundley*, 126 Ark. 622, 191 S. W. 238; *Dell Special School District No. 23 v. Johnson*, 129 Ark. 211, 195 S. W. 373.)

The latter case is much in point and makes clear the distinction between authorized but invalid contracts and those which are void for want of authority, and holds, in keeping with the general rule followed in the other cited cases, that an invalid contract may be ratified by those representing the school district while a contract void in the beginning for want of power cannot be ratified. In the opinion it is said: "There was never any formal meeting of the school board, nor was there any written contract entered into between the board and Johnson other than the issuance of the warrant, but the negotiations were conducted at informal interviews between Johnson and the various directors. It is conceded that there was no valid contract entered into between Johnson and the school district."

But it was held, notwithstanding these formal defects and the attendant invalidity of the contract in its inception that it was one which the board might have made with lawful authority and that: "The ratification in this instance was complete because the directors had full knowledge of the operation of the school, and by their conduct expressed their acquiescence and favor."

In the same contract the board attempted to authorize the teacher to borrow money to defray the expense of his salary and other expenses mentioned therein, and attempted to obligate the district to pay the interest as a part thereof. The court said:

"The chancellor was correct in refusing to decree the additional sum of $100 included in the contract for the purpose of paying interest on the money to be advanced. The school board had no authority under the statute to borrow money for that purpose, and they could not ratify an agreement which was beyond their power in the first instance to enter into."

The district court committed no error in overruling the demurrer to the answer on the theory that the contracts with the teachers, though invalid, were contracts which the board could have lawfully made, and were therein alleged to have been ratified.

The judgment is affirmed. Costs are awarded to respondents.

Morgan, C. J., concurs.

Rice, J., dissents.