## STEWART v. BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 2.

No. 13920—Opinion Filed Sept. 23, 1924.

Rehearing Denied Nov. 18, 1924.

### Schools and School Districts—Teacher's Contract for Salary—Validity.

A school district board, as such, has the sole authority to bind a school district in the employment of teachers in the public schools, but where such school district board has fixed the salaries for the ensuing term, and authorized and directed the city superintendent to select and contract with teachers subject to its approval, and the city superintendent has employed a teacher at a salary fixed by the board, and such teacher has signed the usual written contract, presented by the city superintendent for signature, and the city superintendent has approved the same but negligently failed to present it to the board for its approval, and at the regular opening day of the term the teacher so contracted with enters upon her duties as teacher and is permitted to teach under the direction of the superintendent without any knowledge upon her part that the contract has not been approved and signed by the board and the board has paid such teacher one month's salary. such acts of the board amount to ratification and render the contract valid from its inception.

(Syllabus by Ray, C.)

Commissioner's Opinion, Division No. 1.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by Mrs. Faye Stewart against Board of Education. Stephens County, District No. 2. Judgment for defendant, and plaintiff appeals. Reversed.

Bond & Morris, for plaintiff in error.

H. B. Lockett, for defendant in error.

Opinion by RAY, C. Faye Stewart, plaintiff in error, plaintiff below, commenced this action in the justice court to recover one month's salary as teacher in the high school and recovered judgment. On appeal to the district court a demurrer to her evidence was sustained and judgment entered for the defendant, school district No. 2, Stephens county, from which she has appealed. The question to be considered is, was there sufficient evidence to go to the jury?

The suit was on a written contract. The defendant contends that the contract sued on was void for the reason that it was never signed by the members of the school district board, and that it was never rat-

ified by any action of the board, while the plaintiff contends that it was a valid contract, and, if not, then it had become an executed contract by reason of both parties having acted under it and treated it as a binding contract between them. The facts are these: The city superintendent for two years prior to the employment here in question, had employed the teachers and entered into written contracts with them, and thereafter presented the contracts to the school board for approval. Plaintiff had taught one year and was employed for a second term by the city superintendent at a salary previously fixed by the board. She, like all other teachers employed for that year, signed the written contract presented by the city superintendent, and he then indicated his approval by signing it as city superintendent. Under this employment she entered upon her duties as teacher at the opening of the fall term and taught until the ninth of November following, when she was discharged by the board. She had been paid her salary for the first month and had taught three or four days of her second month at the time of her discharge. At the time of her discharge the contract was still held by the city superintendent and had never been presented to the school board for approval. The superintendent testified that he had simply neglected to present the contract to the school board for its consideration. At the time of the trial in May of the following year he had not presented the contracts with any of the teachers to the board. They were all teaching under the same character of contract as the plaintiff, and none of them had been approved by the school board. It is contended by the defendant that plaintiff's evidence did not show that any member of the board knew, prior to the time of her discharge, that she was teaching in the school, and did not show that the one month's pay which she had received was made with the knowledge of the school board or any of its members. The plaintiff testified that she had received one month's pay, and the city superintendent testified that he had delivered to her the warrant for the one month's pay.

It may be conceded that the city superintendent was without authority to bind the board by signing the written contract, but it is not always necessary that a written contract be signed by the parties to become a binding contract. It may be ratified by the conduct of the parties.

"A contract signed by but one of the parties thereto is binding upon both when acts thereunder have been performed by both parties and is properly receivable in evi-

dence." Dow et al. v. Morse (Iowa) 17 N. W. 495.

To the same effect—Vogel v. Pekoc (Ill.) 30 L. R. A. 491; Sellars v. Greer (Ill.) 40 L. R. A. 589. In Fennell v. Lannom, 46 Okla. 519, 149 Pac. 144, this court quoted with approval from 35 Cyc. 1085, as follows:

"An unauthorized contract with a teacher may be ratified by those having authority to do so, either expressly or by acts recognizing the employment, as by partly performing the contract, making payments for services, accepting its benefits, and the like. A contract of employment entered into by a school board, which is invalid by reason of some defect in the execution thereof, may be ratified by the board, as by recognizing the person acting under such contract as teacher, and paying him his salary."

In Ryan v. Humphries, 50 Okla. 343, 150 Pac. 1106, Robberts, Commissioner, in the syllabus said:

"A public body, such as a school board, consisting of several persons, authorized to perform acts of a public nature, and to which public duties are intrusted, such as the employment of teachers for the public schools, should perform such duties as a board, and to do so it is imperative that all should meet, or at least be notified of such meeting, and have an oportunity to meet and to consult relative to the employment of such teachers, before a valid contract can be entered into by them binding the district.

"The foregoing is subject to the doctrine of law that, where a public body, such as a school board, has the original power and authority to enter into a contract, such as the employment of teachers, such body or board may legally ratify a contract of employment, made by the board, or a majority of the members thereof, in an irregular or unauthorized manner, and a ratification of such a contract is equivalent to a full compliance with authority originally given, and when so done renders the contract valid from its inception."

Plaintiff's evidence shows that she was discharged without any fault upon her part, and we think that when the evidence showed that she had taught more than one month under the contract, believing, in good faith, that it was with the approval of the board, and that the contract had been held by the superintendent without presentation to the board without any fault or knowledge upon her part, and that the school board had acquiesced in the employment to the extent of permitting her to teach without their formal approval of the contract, and had recognized her employment by authorizing her to be paid one month's salary, there was sufficient evidence to go to the jury, and the

court erred in sustaining the demurrer thereto.

The judgment should be reversed, with directions to grant the plaintiff a new trial.

By the court: It is so ordered.