**CONSOLIDATED SCHOOL DIST. No. 73, CARTER COUNTY, et al. v. ELLISON.**

No. 16571—Opinion Filed April 20, 1926.

Rehearing Denied Oct. 26, 1926.

**1. Schools and School Districts—Liability for Building Construction—Oral Contract Ratified by School Board.**

Where a school board authorizes one of its members to have work done generally, and to make contracts necessary for the completion of a school building and other buildings belonging to the school district, subject to the approval and ratification of the school board, and the school board ratifies the acts of the member making the contract or ordering the work done, and approves of and accepts, and obtains the benefit of the work so done and performed, the question of what work was intended to be included in the contract or order, the same being oral, presents a question of fact to be determined from all the evidence.

**2. Appeal and Error—Review—Sufficiency of Evidence in Law Action Tried to Court.**

When a law action is tried to the court without the intervention of a jury, the judgment of the court will be given the same consideration, force, and effect as the verdict of a jury, and if there is any competent evidence, including reasonable inferences, tending to support the judgment, the same will not be reversed on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by W. H. Ellison, against Consolidated School District No. 73, Carter County, Okla., to recover balance due for certain plumbing work in and about defendants' school building, and to restrain the school board and the County Treasurer of Carter County from issuing, approving, and cashing warrants of such school district until further order of the court. Judgment for plaintiff, and defendant appeals. Affirmed.

Champion, Champion & George, for plaintiffs in error.

Charles A. Coakley and Tom Norman, for defendant in error.

Opinion by RUTH, C. Parties hereto will be referred to as they appeared in the trial court.

Plaintiff entered into a contract to do certain plumbing necessary for a school building being erected by defendants, who awarded the contract to a general contractor, under whom plaintiff did certain work according to plans and specifications, which called for sewers, pipes, etc., to extend eight feet from the main building. Teachers' cottages and a janitors' cottage were also constructed, and the work on the school building does not enter into this action. Defendants found it necessary to construct a septic tank and connect all the buildings with the sewer, and to set certain plumbing fixtures in the cottages.

A. F. Clowdus, a member of the school board, consulted plaintiff, who had done the plumbing on the school building. Clowdus, it appears, was in general charge of the work for defendants, and the school board would meet and ratify his acts or contracts. Clowdus wanted to do the work himself for the board, that is, employ the men and the board pay them. Plaintiff told Clowdus that a job exactly like the one proposed had cost the Zaneis school $1,050, but if the board was going to do the work, using the school district trucks for hauling, etc., the board could possibly complete the septic tank for $800.

In the plaintiff's claim he did not include any connections running from the school or the cottages. Plaintiff agreed to furnish defendants the necessary pipe, f. o. b. cars, Ardmore. Plaintiff was injured, and his wife as his agent took up the work, and put in the septic tank; made all connections and set fixtures in the cottages under the orders and direction of Clowdus, and plumbed all the cottages and "ran" the gas, water and sewer lines.

Mr. Clowdus came to Mrs. Ellison, after plaintiff was injured, and told her to go ahead with this work and just keep account of the cost of labor and material, as he knew plaintiff would treat them (the board) right. Mrs. Ellison was unable to make an estimate of cost, and her husband was incapacitated. Mr. Clowdus came in and the bill was presented to him, upon which he paid for defendant $800, being the cost of material furnished by plaintiff for the septic tank, and at that time made no protest of the items for plumbing the cottages, setting all fixtures, and running the sewer,

gas and water lines across the grounds and making all connections. Plaintiff brings his action for the balance due in the sum of $934.

The court restrained defendants from paying out any money and afterwards modified the order and required defendants to retain $1,000, in the funds of the school district pending final determination of this action.

In their answer defendants admit their indebtedness to plaintiff in the sum of $48.05, for setting of sink and gas piping janitor's cottage, and $72.87 for setting tubs in the two cottages and installing two gas openings, making a total of $120.92, which it tenders into court, and denies further indebtedness, and alleges the work charged for was included in the contract for the septic tank; that the board had ratified the acts of Clowdus, with reference to the tank, but did not ratify the contract, if any, by Clowdus for the balance of the work, and denies the work done was contemplated in the bond issue set out in plaintiff's petition.

It appears the school district had voted certain bonds to construct this school building, together with two teachers' cottages and a janitor's house, and it being found that $8,900 additional was necessary for the completion of the school, and to pay for gas, lights, books for the library, freight and express of library, completion of water well, curbing, and laying of sidewalks, a bond issue of $9,000, was authorized. Out of this sum defendant constructed a garage at a cost of $1,332, of which sum it had paid $950, leaving a balance due for constructing the garage. Plaintiff prays the restraining of the paying out of this money as the garage was not contemplated in the bond issue.

There were three members of the school board: Clowdus, Reed, and Wilson. It appears Clowdus, who was clerk of the board, was in charge of the work. His testimony is conflicting. At times he states his understanding was that the work done on sewers, connections, etc., was not included in the septic tank estimate, and at other times he says it was included. The board left the matter of completing the work to Clowdus, and all members of the board testify the work was done by plaintiff and the contract ratified by the board, and the work accepted, and the defendant received the benefit thereof, but they further testify that they **understood** from Clowdus that $800 included all this work for which suit is brought, and authorized the issuance of a **warrant** in that sum.

Plaintiff is very positive he told Clowdus the Zaneis school job cost $1,050, but told him if the school trucks did the hauling, the septic tank could be built for $800. Plaintiff's wife, Mrs. Ellison, testifies Clowdus ordered the sewers, piping, etc., and told her to keep account of the labor and material. W. C. Rupert, plaintiff's foreman, testifies to the work being done, and he was present when the entire bill was presented to Clowdus at the time the $800 was paid, and Clowdus made no objection to the bill, nor took any exception to the amount claimed. The other members of the board never talked to plaintiff, but ratified Clowdus' actions, and it therefore became a question of what the contract actually included, and this was a question for the court to determine from the evidence.

The court found for the plaintiff in the sum of $807.50, and defendants appeal and present their assignments under one proposition, to wit: "The judgment of the trial court is contrary to the law and the evidence."

We have carefully reviewed all the evidence, and cannot say the same does not reasonably tend to sustain the judgment.

"When a law action is tried to the court without the intervention of a jury, the judgment of the court will be given the same consideration, force, and effect, as a verdict of a jury, and if there is any evidence, including reasonable inferences, tending to support the judgment, the same will not be disturbed on appeal." Foreman v. Needles, 78 Okla. 105, 188 Pac. 1087; Lamb v. Bennett, 81 Okla. 41, 196 Pac. 543; Armstrong v. Phillips, 82 Okla. 82, 198 Pac. 499; Gayer v. Pearce, 86 Okla. 102, 206 Pac. 822; Gaines Brothers v. Citizens' Bank of Henryetta, 84 Okla. 265, 204 Pac. 112; Beard v. Herndon, 84 Okla. 142, 203 Pac. 226; Anicker v. Doyle, 84 Okla. 62, 202 Pac. 281.

Defendants cite Young v. Bd. of Education of Independent School Dist. No. 47 of Dassel, 54 Minn. 385, 55 N. W. 1112, in support of the following rule:

"When officers of a school district, without lawful authority, borrow and expend money for the completion of a schoolhouse, no liability attaches to the district therefor notwithstanding the benefit received from such expenditure. No estoppel or ratification can be inferred from its retention or enjoyment of the improvement in such case, for it has no opportunity to reject it."

In the instant case the school building had been erected and the plumbing completed with sewer, gas and water pipes projecting 8 feet outside of the walls; the cottages had been built and no plumbing put in except

such as is called "roughing in," and a bond issue of $900 was voted for the specific purpose of completing the work. A septic tank was necessary, and a septic tank would be useless, as would be the sewers, if there was no connection between the two, and to supply these things these bonds were issued, and the cited case is not in point, and the rule there announced is not applicable.

Defendants further invoke the rule announced in Dougherty-Nichols Construction Co. v. Town of Jenks, 115 Okla. 104, 242 Pac. 167. In the cited case the claim was for a sum in excess of the estimate made and approved, and in excess of the bond issues had for such purposes, and at the time of the rendition of the services and the filing of the claim, there were no funds out of which the claim could be paid.

In the instant case it was necessary to complete the work to the end that the school might be ready for occupancy at the beginning of the school year, which was in September, and the bonds were voted to pay for the work done and to be done, and citation of authorities based upon facts parallel with the facts in the cited case is useless, and their discussion will serve no good purpose.

On the question of ratification of the acts of Clowdus, defendants cite Garr, Scott & Co. v. Rogers, 46 Okla. 67, 148 Pac. 161, where it is said:

"Ratification must be with full knowledge of all the facts. In order that a ratification of an unauthorized act, or transaction of any agent, may be valid and binding, it is essential that the principal have full knowledge, at the time of the ratification, of all material facts relative to the unauthorized transaction."

This rule is not applicable for the following reasons: (A) The act of Clowdus in having all this work done was authorized by the school board. (B) The act of the completion of the work by the plaintiff was specifically ratified. (C) The work was duly approved and accepted.

The only question then was the price agreed to be paid and the understanding had between Clowdus and plaintiff, as to what work was included in the contract; and this was a question of fact for the court as herein before stated.

This court in Doyle v. School District No. 38, Noble Co., 30 Okla. 81, 118 Pac. 386, cites with approval Union School Furniture Co. v. School Dist. No. 60, etc., 50 Kan. 727, 32 Pac. 368, 20 L. R. A. 136, where it is said:

"A school district which has received, retained, and used for a long period of time, school furniture bought for it by the members of the school district board, acting separately, without any board meeting, must be deemed to have ratified the purchase and must pay for the property so obtained for its use."

The court further cites with approval: Sullivan v. School Dist. No. 39, 39 Kan. 347, 18 Pac. 287; 48 Kan. 624, 29 Pac. 1141, where the Kansas court held:

"A contract for building a schoolhouse, void because made only by one member of the school district board, may be ratified and made binding by the action of the school district in completing the building left unfinished by an absconding contractor, by furnishing the same with seats, desks, and other necessary schoolhouse furniture; by occupying the same for school purposes, and by insuring the same." See Ryan v. Humphries, 50 Okla. 343, 150 Pac. 1106; Stewart v. Board of Education, 104 Okla. 141, 230 Pac. 504; Hill v. City of Indianapolis (C. C.) 92 Fed. 467; Daviess County v. Dickinson, 117 U. S. 657, 6 Supt. Ct. 897, 29 L. Ed. 1026; Town of Bloomfield v. Charter Oak Bank, 121 U. S. 121, 7 Supt. Ct. 865, 30 L. Ed. 923.

The court having found the school board authorized a member to make a contract for this particular work, and ratified his act in so making such contract, leaving only the question of fact as to what was intended to be included in the work to be done, we find no error in the record, and the judgment of the court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. pp. 962, 1061; 24 R. C. L. p. 602. (2) 4 C. J. pp. 876, 879, §2853; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81.