[Civil No. 3884.  Filed June 6, 1938.]

[79 Pac. (2d) 959.]

SCHOOL DISTRICT NUMBER 6 OF APACHE COUNTY, ARIZONA, Appellant, v. E. I. WHITING, Appellee.

Mr. Dodd L. Greer, for Appellant.

Mr. Earl Platt, for Appellee.

ROSS, J.—This action is for a $300 balance of Howard N. Blazzard's salary as principal and a teacher of School District Number 6 of Apache County for the year 1934–35. Plaintiff Whiting brings it as assignee of Blazzard. It was tried with the aid of a jury and resulted in a verdict and judgment for the amount sued for. The school district appeals.

The dispute is over the amount of salary Blazzard was to receive, which dispute could have been avoided if the contract had been put into writing and signed by the teacher and the board of trustees as the law requires. This was not done, however, and as a result this lawsuit had to be brought. The plaintiff claims his assignor's salary was $1,500 for the year and the board of trustees that it was $1,200, payable on a twelve-months' basis. The jury accepted plaintiff's contentions that his assignor's contract was for $1,500 for the year. The board of trustees, notwithstanding, contends that the school district is not liable for the balance of salary because the contract was not in writing.

Section 1011, Revised Code of 1928, provides:

"The powers and duties of the board of trustees of school districts are as follows: . . .

"3. The board shall . . . employ under written contract, all employees of the schools. The board may, at any time after the annual election and qualification of the new members, enter into contracts with teachers, principals, janitors, attendance officers, school physician, school dentist, nurses, and other employees necessary for the succeeding year, and fix their salaries. . . . "

■■ The only defect of the contract was that it was not in writing as the law expressly provides it should be. The employment is found, or admitted, as also the services as a teacher for the school term. The contract is one the board of trustees was authorized by the statute to make. It is the only agency of a school district that has authority or power to employ teachers and fix their salaries. Although this power may have been defectively or irregularly exercised by the board, the district could ratify the employment of Blazzard by accepting him as a teacher and paying him a salary for a number of months. Vouchers were regularly issued to plaintiff's assignor on the basis of $100 per month for nine months of the year he was employed. The board admits this but contends that the $1,200 paid by it and accepted by Blazzard was in full satisfaction of his agreed salary. This contention of the board, however, the jury found was not proved.

In *Hermance* v. *Public School Dist. No. 2 of Maricopa County,* 20 Ariz. 314, 180 Pac. 442, we held that, although the teacher's contract was irregularly entered into, being signed by only one trustee and the teacher, it could be ratified by the district's accepting the labor of the teacher and paying him therefor. In that case we cited many cases from other jurisdictions supporting the holding.

In *School Dist. No. 15 in Fremont County* v. *Wood,* 32 Idaho 484, 185 Pac. 300, under a statute quite similar to ours, the court held that (page 301):

"An unauthorized contract with a teacher may be ratified by those having authority to do so, either expressly or by acts recognizing the employment, as by partly performing the contract, making payments for services, accepting its benefits, and the like. The contract of employment entered into by a school board, which is invalid by reason of some defect in the execution thereof, may be ratified by the board, as by recognizing the person acting under such contract as teacher, and paying him his salary."

See, also, *Day* v. *School Dist. No. 21 of Granite County,* 98 Mont. 207, 38 Pac. (2d) 595. In the Wood case, *supra,* the action was brought by the school district to recover salaries paid to teachers who had no written contract as required by the statute. The court, denying the right of the district to recover, used the quoted language. If the contract had been one that the board of trustees had no power to make, the rule would be as contended for by the defendant.

■■ The defendant complains of the court's ruling permitting the plaintiff to prove by a teacher in defendant district for 1933–34 that he had no written contract with the district. The only reason for the introduction of such evidence was to show that the board of trustees habitually ignored the law requiring contracts of employees to be in writing. Such evidence was of course incompetent but harmless under the circumstances. The right to recover is not based on repeated violations of the law but upon the ground that the district had accepted the benefits of and thereby ratified the contract. The policy of the law as declared by the legislature being that such contracts should be in writing, trustees and their employees alike should observe it. It is only because of the unfairness

of permitting the school district to accept the employee's labor and services and the benefits thereof without compensating such employee that the doctrine of ratification is allowed to be invoked.

██ We do not detail the evidence or discuss it, but it all shows a very loose and careless method of transacting the business of the school district. Both the board of trustees and teacher are presumed to know the law and of course should have cooperated in following it by making a written record of their transactions as they occurred.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.