WILLIAMSON v. BOARD OF EDUCATION OF CITY OF WOODWARD.

No. 28242.   Sept. 23, 1941.

*117 P. 2d 120.*

C. W. Herod, of Woodward, and Mitchell & Mitchell, of Clinton, for plaintiff in error.

Howard W. Patton, of Woodward, and John Barry, of Oklahoma City, for defendant in error.

ARNOLD, J. The record discloses that negotiations were begun between the plaintiff, Joe T. Williamson, and the defendant, the board of education of the city of Woodward, Okla., prior to July 1, 1936, for the employment of the plaintiff as superintendent of schools of the city of Woodward for the fiscal year beginning July 1, 1936. On July 1, 1936, at a regular meeting of the school board with all members present, such negotiations were consummated and an oral contract of employment of the plaintiff as such superintendent for the fiscal year beginning July 1, 1936, at a salary of $2,600 per annum, payable monthly, was entered into. At the direction of the defendant board on said date, the plaintiff entered upon his duties as superintendent and continued in such capacity until he was summarily discharged by the defendant on October 12, 1936. Plaintiff received the monthly salary so agreed upon up until the time of his discharge. Thereafter, on October 20, 1936, he brought this action for damages for breach of contract. From an adverse judgment, plaintiff appeals.

The defendant filed the estimate of needs of the school district for the fiscal year 1936-37 in the manner prescribed by law. On August 8, 1936, the county excise board made a tentative approval of 25 per cent thereof, including the salary of the superintendent. Thereafter, on October 31, 1936, it finally approved the estimate and appropriation for the needs of the school district for the fiscal year, including the superintendent's salary in the amount of $2,600. If the estimated needs of an independent school district can be supplied within statutory and constitutional limitations, the excise board is under duty to approve the estimate and make appropriations therefor in the amounts estimated to be needed for the purpose, and the board is not authorized to make the appropriations in a lesser amount than that estimated to be needed. Oklahoma County Excise Board v. Kurn, 184 Okla. 96, 85 P. 2d 291, and many other cases.

In this case the estimated needs could be supplied within the statutory and constitutional limitations and such estimate was approved by the excise board, as was its mandatory duty. The power conferred upon the excise board by the statute to pass upon estimates as a whole necessarily embraces the power to approve a part thereof so that such independent district may carry on its functions pending a final approval.

The contention of the defendant that the contract was invalid because it was entered into before the appropriation was approved by the excise board is foreclosed by the adverse ruling of this court on that question in Myers v. Independent School District Consolidated No. 1, Comanche County, 104 Okla. 51, 230 P. 498; School District No. 60 of Ellis County v. Crabtree, 146 Okla. 197, 294 P. 171.

The plaintiff pleads a contract of employment as superintendent entered into prior to the beginning of the fiscal year, but alleges that same was ratified by part performance after the beginning of the fiscal year. The evidence, however, discloses that negotiations

were entered into long prior to the beginning of the fiscal year, which were consummated on July 1, 1936, and an oral contract of employment of the plaintiff as such superintendent was entered into. Had a written contract been executed on said date, there would be no question but that under the facts this case would come within the rule laid down in Anderson v. Miller, 172 Okla. 480, 45 P. 2d 499, and Smith v. School District No. 1, 187 Okla. 184, 102 P. 2d 131.

Section 6875, O. S. 1931, 70 Okla. St. Ann. § 195, provides for the election of a superintendent and teachers by the board of education of an independent school district. Section 6879, O. S. 1931, 70 Okla. St. Ann. § 199, governing expenditures by the board of education of an independent school district, provides that "No expenditure involving an amount greater than two hundred dollars shall be made except in accordance with the provisions of a written contract. . . ." The contract of employment of the plaintiff as superintendent involved an expenditure in excess of $200. Section 6879, supra, is applicable thereto, and such a contract must be in writing. Sinclair v. Board of Education of the City of Coffeyville, 115 Kan. 434, 222 P. 766. We are of the opinion, and therefore hold, that the defendant was without authority to enter into an oral contract of employment with the plaintiff; that the oral contract herein involved is invalid for that reason and cannot be enforced.

We come next to the question of ratification. A contract of employment entered into by a school board, which is invalid by reason of some defect in the execution thereof, may be ratified by the board, as by recognizing the person acting under such contract as a teacher or superintendent, and paying his salary. Fennell v. Lannom, 46 Okla. 519, 149 P. 144; Ryan v. Humphries, 50 Okla. 343, 150 P. 1106, L. R. A. 1915F, 1047; Stewart v. Board of Education, 104 Okla. 141, 230 P. 504. A void contract

of employment, however, cannot be validated in its entirety by part performance and payment of salary as specified therein. Brians v. Consolidated School District No. 5, 183 Okla. 29, 79 P. 2d 798; Dungan v. Independent School District No. 39 of Gage, Ellis County, 182 Okla. 385, 77 P. 2d 1117. Although the question has not been presented in this court, it has been held in a number of jurisdictions that an oral contract of employment of a superintendent or teacher of an independent school district, even though invalid in that the board of education had no authority or power to make such a contract, may be ratified by such board of education by accepting the superintendent's or teacher's services, but, in the case of partial performance, the ratification extends only to the period of performance. Bald Knob Special School v. McDonald, 171 Ark. 72, 283 S. W. 22; School District No. 6 of Apache County v. Whiting, 52 Ariz. 207, 79 P. 2d 959. Recovery is allowed in these cases on the theory that even though the contract is invalid, the board should pay for the services rendered and such contract should be ratified to that extent. We hold, therefore, that the ratification herein extends only to the period of performance, and such oral contract cannot be enforced in its entirety. The plaintiff having been paid for the services actually rendered by him, the defendant's liability has been settled in full and the plaintiff cannot recover in this action.

Since the contract of plaintiff was not enforceable by reason of the fact same was not in writing, we do not discuss his proposition that the evidence as to his incompetency was insufficient to warrant his dismissal.

Judgment affirmed.

CORN, V. C. J., and OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. GIBSON, J., concurs in conclusion. WELCH, C. J., and RILEY, J., absent.